[No. 2950. Decided May 24, 1898.]

## THE STATE OF WASHINGTON, *Respondent*, v. WILLIAM KLEIN, *Appellant*.

ASSAULT AND BATTERY — SUFFICIENCY OF INFORMATION — INSTRUCTIONS — REBUTTAL EVIDENCE.

Although an information may charge defendant with the crime of assault with a deadly weapon, which is a statutory offense, the defendant may be convicted, under the information, of the common law offense of assault and battery, when the facts set forth in the pleading are sufficient to describe the latter offense.

No error can be predicated upon the court's refusal to give a requested instruction, when the instruction given by the court covers all the points asked by defendant.

The admission of rebuttal evidence is a matter largely in the discretion of the trial court, and its action in that regard will not be disturbed when it does not appear to be prejudicial to defendant.

Appeal from Superior Court, Spokane County.—Hon. THOMAS H. BRENTS, Judge. Affirmed.

*Nuzum & Nuzum*, for appellant:

Under the information defendant could not be convicted of any other offense than that of simple assault or assault with a deadly weapon. *State v. Marcks*, 58 N. W. 25; *Turner v. Muskegon Circuit Judge*, 50 N. W. 310; *People v. Keefer*, 18 Cal. 638; *Territory v. Dooley*, 1 Pac. 747; *State v. White*, 45 Iowa, 325.

*John A. Pierce*, Prosecuting Attorney, for The State.

While there may be an assault without a battery, there can be no battery without an assault, and where the necessary facts are alleged in the information to put the defendant on notice that a battery was included, an accompanying and concurrent part of the assault, though all were done with the intent to inflict upon the victim the one or the other specific substantive crime, then in that case the assault and battery is as much a necessary ingredient of the greater crime as is a simple assault. *People v. Congleton*, 44 Cal. 92; *People v. Pape*, 66 Cal. 366; *State v. Elswood*, 15 Wash. 453; *Earl v. People*, 73 Ill. 329; *Beckwith v. People*, 26 Ill. 500; *Prindeville v. People*, 42 Ill. 220; *State v. Ackles*, 8 Wash. 465; *State v. Dolan*, 17 Wash. 499. The name by which the thing charged is called is no essential part of the charge itself. *People v. Cuddihi*, 54 Cal. 53; *People v. Weaver*, 47 Cal. 106; *People v. Tyler*, 35 Cal. 553.

The opinion of the court was delivered by

DUNBAR, J.—The essential part of the indictment upon which the defendants in this case were convicted is as follows:

" That the said defendants John Sigg and W. M. Klein are hereby charged with a public offence, to-wit: the crime of assault with a deadly weapon, committed as follows, to-wit: That on the 31st day of July, A. D. 1897,

and within three years next before the filing of this information at the county of Spokane and state of Washington, the said defendants John Sigg and W. M. Klein, then and there in the said county and state being, then and there unlawfully and feloniously and with an intent to inflict upon the person of John J. Bradfield a bodily injury and with no considerable provocation in and upon the body of said John J. Bradfield did make an assault and with a certain deadly weapon, to-wit: a lathing hatchet, which they, the said John Sigg and W. M. Klein then and there in their hand had and held, did strike, cut and wound the body of him, the said John J. Bradfield, contrary to the statute," etc.

A plea of not guilty was entered by both of the defendants and after trial and submission to the jury, a verdict was returned against the defendants for assault and battery. Judgment was pronounced and the defendant Klein appeals.

The first error alleged is the overruling of defendant Klein's motion to be discharged upon the verdict rendered in the above cause, for the reason that under the information he could not be convicted of any other offense than that of simple assault or assault with a deadly weapon, it being contended that an assault with a deadly weapon is purely a statutory crime and that the offense of assault and battery is a separate and distinct offense, and that the rule that the defendant may be found guilty of a lesser degree of the same crime does not apply in this case. Whatever may be said of this contention as a general proposition, it does not apply in this particular case, for while it is stated in the information that the defendants were charged with the crime of assault with a deadly weapon, the facts set forth in the information certainly charge the crime of assault and battery, and it is the facts, and not the name, which the pleader saw fit to give the crime, that put the defendants upon notice. In fact, it

is stated by the appellant in his brief, on page 9, that the information charged the offense of assault and battery, but as no motion was made against it no error is predicated upon that fact; and if it be true that no error is predicated upon the fact that two crimes were charged in the indictment, the motion cannot be raised here now, for the record discloses the fact that the question of assault and battery was tried.

The second allegation is that the court erred in refusing the request of the defendant to instruct the jury as follows:

" I instruct you as a matter of law that before you can convict a defendant as aiding and abetting a co-defendant, a common purpose must be proven to your satisfaction and beyond a reasonable doubt, or that there was a previous understanding or that the co-defendant, aiding and abetting, if you find he was aiding and abetting, had knowledge of the design or the intent of his co-defendant to commit an offense. In other words, a common purpose must be proven in order to justify a conviction for aiding and abetting:"

The contention of the appellant is that he did not in any way participate in the affair and that, therefore, he could not have been convicted upon proof of a common purpose. It seems to us that the court, in the instruction which it did give, covered all grounds asked by this instruction and even went further in the interests of appellant than was asked by the instruction. The court instructed the jury as follows on this proposition:

" If you find that an assault was committed, or an assault and battery, or an assault with a deadly weapon, with intent to inflict upon Bradfield bodily injury, without considerable provocation, and that such assault was committed by one of the defendants and that the other of the defendants was present aiding, abetting and assisting him, then both of the defendants would be equally guilty and you may convict them both."

The court did not stop here, leaving the reverse of the proposition to be accepted by the jury, but gave the further instruction:

" But if the evidence shows that the assault was made by one of them alone, and that the other was not present or not aiding, abetting, encouraging or assisting him, then you could only convict the one who committed the assault and should not convict the other."

This goes beyond the question of a common purpose and informs the jury that, before the defendant who was not actively engaged in the assault can be convicted, it must be found that he was actively aiding, abetting, encouraging or assisting the defendant who did commit the assault. We think no error was committed by the court in refusing the instruction asked for. So far as the testimony is concerned in relation to the participation in this affray by the appellant, it is conflicting and the jury was the judge of the credibility of the witnesses.

The third alleged error is substantially covered by what we have said in regard to the first. It is also alleged that the court erred in permitting the state to call the witness Kendall in rebuttal and permitting him to testify with regard to a conversation he heard between Bradfield and Klein. This was a matter which was largely discretionary with the lower court, and we think the defendants were in no wise prejudiced by the admission of this testimony.

The fifth allegation, that the court erred in overruling a motion for a new trial as to Klein, for the reason that the verdict is not sustained by the evidence, falls within the scope of what is said concerning the second assignment of error.

The judgment is affirmed.

Scott, C. J., and Gordon and Reavis, JJ., concur.