[No. 9607.   Department One.   December 16, 1911.]

THE STATE OF WASHINGTON, *Respondent*, v.

WILLIAM A. COPELAND, *Appellant*.[1]

CRIMINAL LAW—APPEAL—REVIEW—VERDICT. A conviction for assault with a weapon likely to do bodily harm will not be disturbed on appeal on the ground that the assault was justified, where that depends upon the credibility of witnesses and the evidence was conflicting.

CRIMINAL LAW—TRIAL—RECEPTION OF EVIDENCE—REBUTTAL. It is not an abuse of discretion to permit testimony on the part of the state in rebuttal which was cumulative of the state's evidence in chief, where it went but little beyond direct contradiction of the defendant's testimony of self-defense.

INDICTMENT AND INFORMATION—DEGREES OF OFFENSE—FIRST AND SECOND DEGREE ASSAULTS—STATUTES. A conviction of assault with a weapon likely to produce bodily harm, within Rem. & Bal. Code, § 2414, subd. 4, may be had under an information charging an as-

[1]Reported in 119 Pac. 607.

sault with a shot gun by shooting with intent to kill, under Id., § 2413, subd. 1; as the former is necessarily included within the latter, within the requirements of Id. § 2168.

CRIMINAL LAW—TRIAL—INSTRUCTIONS. Upon an information for assault with intent to kill, it is not error to refuse to instruct as to assault and battery, where the evidence conclusively shows that defendant was guilty of first or second degree assault or not at all.

Appeal from a judgment of the superior court for King county, Ronald, J., entered January 3, 1911, upon a trial and conviction of assault with a weapon likely to do bodily harm. Affirmed.

*James J. McCafferty* (*M. J. Costello,* of counsel), for appellant.

*John F. Murphy, Hugh M. Caldwell,* and *H. B. Butler,* for respondent.

PARKER, J.—The defendant was charged, by information filed in the superior court for King county, with the crime of assault in the first degree as follows:

"He, said William A. Copeland, in the County of King, State of Washington, on the 12th day of September, A. D. 1910, did wilfully, unlawfully, and feloniously make an assault upon one Walter C. Knapp with a firearm, to wit, with a shot gun then and there loaded with shot, which he, said William A. Copeland, then and there had and held and did then and there wilfully, unlawfully and feloniously, with said shot gun, shoot at, toward and into the body of said Walter C. Knapp, with intent then and there wilfully, unlawfully and feloniously to kill said Walter C. Knapp."

The trial resulted in a verdict and judgment against the defendant convicting him of assault in the second degree, from which he has appealed to this court.

It is first contended that the trial court should have directed a verdict of acquittal in appellant's behalf. This seems to be rested upon the theory that it can be determined, as a matter of law, from the evidence, that the assault made by appellant upon Knapp was justifiable upon the ground

of self-defense. A careful reading of the evidence convinces us that this was clearly a question for the jury. There is abundant evidence in the record to support the view that the assault was without legal justification. This contention only involves the credibility of witnesses, even assuming that appellant made out a *prima facie* case of self-defense, which we regard as somewhat doubtful.

It is next contended that the trial court erred in admitting certain testimony offered by the prosecuting attorney in rebuttal. The argument seems to be that it was erroneously admitted because it should have been offered in chief. An examination of this testimony shows that it went but little, if any, beyond being in direct contradiction of the testimony offered in appellant's behalf upon which his theory of self-defense was rested. This testimony was admissible in so far as it contradicted that testimony; and so far as it went beyond that it was at most only cumulative of the state's evidence in chief. This would, in any event, present only a question of the trial court's discretion, which was clearly not abused. *State v. Klein,* 19 Wash. 368, 53 Pac. 364; 12 Cyc. 557.

It is next contended that the judgment is erroneous in that a conviction of assault in the second degree cannot lawfully be had under this information. This presents the inquiry, Is the crime of assault in the second degree necessarily included in the crime of assault in the first degree, as charged in this information? An affirmative answer to this question will necessarily sustain the conviction under Rem. & Bal. Code, § 2168. The acts constituting assault in the first degree, in so far as we need notice such acts here, are defined by Rem. & Bal. Code, § 2413, as follows:

"Every person who, with intent to kill a human being, . . . (1) Shall assault another with a firearm or any deadly weapon or by any force or means likely to produce death; . . . shall be guilty of assault in the first degree."

The information charges this crime against the appellant, charging both the assault with a firearm and the intent to kill. The acts constituting assault in the second degree, in so far as we need notice such acts here, are defined by Rem. & Bal. Code, § 2414, as follows:

"Every person who, under circumstances not amounting to assault in the first degree— . . . (4) Shall wilfully assault another with a weapon or other instrument or thing likely to produce bodily harm; . . . shall be guilty of assault in the second degree."

It will be noticed that assault in the second degree does not involve any particular intent, as does assault in the first degree, and therefore of course does not require the charge of any particular intent in the information, as is necessary in charging assault in the first degree. It seems plain then that, if we ignore the allegation of this information of the particular intent to kill, we have a complete and perfect charge of assault in the second degree; because there is still left in the information a charge of facts constituting assault in the second degree under the provisions of § 2414 above quoted. This view is supported by the following authorities: *Clark v. Territory,* 1 Wash. Ter. 68; *White v. Territory,* 3 Wash. Ter. 297, 24 Pac. 447; *State v. Klein,* 19 Wash. 368, 53 Pac. 364.

Counsel for appellant rely upon *State v. Ackles,* 8 Wash. 462, 36 Pac. 597, where this court held, under an information charging assault with intention to commit murder, that the accused could not be convicted of an assault with a deadly weapon with intent to do bodily harm. The reason of that decision, however, is found in the fact that the supposed lesser crime which the jury assumed to find the defendant guilty of, was, by statutory definition, found to include elements which were not covered by the information, nor were they necessarily included in the crime of assault with intent to commit murder. As stated by the court in that opinion, at page 465:

"Under our statute, an assault with a deadly weapon with intent to inflict upon the person of another a bodily injury is made a felony only upon the express condition that the assault is without considerable provocation, or where the circumstances of the assault show a wilful, malignant and abandoned heart. Penal Code, Sec. 23. And where an act is punishable in a particular manner, under certain conditions, these conditions must be set forth so as to show that the act is punishable. I Whart. Crim. Law, § 192."

These elements the court concluded were not covered by the information, and were not necessarily included in the higher crime charged. In the present case, the lesser crime is not distinguishable from the higher by having as an element thereof a different particular intent, or any other different element, as in the *Ackles* case; but it is distinguishable from the higher crime charged only by the absence of a particular intent, and by the use of a weapon "likely to produce bodily harm," instead of one "likely to produce death." Of course a weapon likely to produce death is also one likely to produce bodily harm. The case of *State v. Snider*, 32 Wash. 299, 73 Pac. 355, while adhering to the views expressed in *State v. Ackles*, also shows how the lesser offense of assault and battery is included in the charge of assault with intent to kill made in that case. There the court, by eliminating the element of intent, held that the information contained a complete charge of assault and battery. This theory, we are of the opinion, will support this conviction.

It is finally contended that the trial court erred in the declining to charge that the defendant might be found guilty of assault and battery. This was not error, because the evidence conclusively shows that the defendant was guilty of assault in the first or second degree, or was not guilty of any crime.

The judgment is affirmed.

DUNBAR, C. J., MOUNT, FULLERTON, and GOSE, JJ., concur.