## McKUNE v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit.   March 3, 1924.)

### No. 4144.

1. Witnesses ☞405(1)—Party bound by answer to question on collateral matter asked on cross-examination.

Denial by a witness of immoral conduct in answer to a question asked on cross-examination, being on a collateral matter, is binding on the party asking the question, and cannot be contradicted.

2. Witnesses ☞344(2)—Witness cannot be impeached by testimony of immoral acts.

A witness cannot be impeached by testimony of other witnesses to immoral acts or conduct.

In Error to the District Court of the United States for the Southern Division of the Eastern District of Washington; J. Stanley Webster, Judge.

Criminal prosecution by the United States against John McKune. Judgment of conviction, and defendant brings error.   Affirmed.

William M. Thompson and P. V. Davis, both of Yakima, Wash., and Charles F. Bolin, of Toppenish, Wash., for plaintiff in error.

Frank R. Jeffrey, U. S. Atty., and H. Sylvester Garvin, Asst. U. S. Atty., both of Spokane, Wash.

Before HUNT, MORROW, and RUDKIN, Circuit Judges.

RUDKIN, Circuit Judge.   The indictment in this case contains eighteen counts, based on six different transactions.   Each transaction is made the basis of three counts, namely:   The purchase of narcotics not in the original stamped package or from the original stamped package; the possession of narcotics with intent to sell; and the sale of narcotics.

The jury returned a verdict of guilty as to all counts except 10, 11, and 12, which were based on one of the transactions to which reference has been made.   On cross-examination counsel for the defendant asked one of the witnesses for the government if she had ever been a prostitute, and the answer was in the negative.   On rebuttal, counsel offered to prove that a large number of men visited the room occupied by this witness at all hours of the day and night, and, because of her conduct in that regard, she was ordered to vacate.   An objection to this offer was sustained, and an exception allowed.   At the close of the testimony, the defendant moved the court to direct a verdict of not guilty, on the ground that the defendant had been induced to commit the crime by the witnesses for the government.   This motion was likewise denied and an exception allowed.   These rulings are now assigned as error.

[1, 2]   The proffered testimony, whether offered for the purpose of contradicting the testimony given by the witness on cross-examination, or as independent impeaching testimony, was clearly incompetent.   If offered for the purpose of contradiction, it related to a collateral matter, and the party was bound by the answer.   If offered for the purpose of impeachment—

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

"It has long been settled that testimony from other witnesses of particular instances of misconduct is an improper mode of discrediting, because of the confusion of issues and waste of time that would thus be involved, and because of the unfair surprise to the witness, who cannot know what variety of false charges may be specified and cannot be prepared to expose their falsity. This rule excluding proof by other witnesses is well settled and everywhere accepted." 1 Greenleaf (16th Ed.) § 461a.

See, also, Jones on Evidence, § 840; 40 Cyc. 2600; Daniels v. United States, 196 Fed. 459, 116 C. C. A. 233; Bullard v. United States, 245 Fed. 837, 158 C. C. A. 177; Fisk v. United States (C. C. A.) 279 Fed. 12.

The claim that the plaintiff in error was entrapped, or was induced to commit the crime finds no support in the testimony.

The judgment is therefore affirmed.