[No. 18599.    Department Two.    February 20, 1925.]

LEW WONG, *Respondent,* v. CARL F. WICKLUND, *Appellant.*[1]

TRIAL (116)—INSTRUCTIONS—CONSTRUCTION OF CHARGE AS WHOLE. Error cannot be assigned on an instruction as to negligence of the plaintiff, in that it was not coupled with an instruction on contributory negligence of the defendant, when that subject was covered by other instructions.

Appeal from a judgment of the superior court for King county, Neal, J., entered December 14, 1923, upon the verdict of a jury rendered in favor of the plaintiff, in an action in tort. Affirmed.

*Van Dyke & Thomas,* for appellant.

*George Olson* and *H. E. Foster,* for respondent.

MITCHELL, J.—Lew Wong, as plaintiff, brought this action against Carl F. Wicklund for the recovery of damages claimed to have been caused by the negligence of the defendant in the operation of his automobile, by which the plaintiff was injured at the crossing of an alley and a sidewalk in the city of Seattle. The de-

[1]Reported in 233 Pac. 304.

fendant denied all charges of negligence and affirmatively alleged that the injuries suffered by the plaintiff were due to his contributory negligence. The plaintiff denied the allegations of contributory negligence. The defendant has appealed from a judgment on a verdict in favor of the plaintiff.

The first assignment is that the court erroneously refused a continuance of the trial, applied for by the appellant on the ground of the absence of a material witness. The record here fails to show that any such application or motion was ever presented to, or passed on by, the trial court.

It is further assigned as prejudicial error that the court, in instructing the jury on the right of the respondent to recover upon his showing by a preponderance of the evidence that the injuries suffered were caused by the negligent operation by the appellant of his automobile, erroneously failed to couple with that instruction the further instruction "unless you find that plaintiff was guilty of contributory negligence which caused or contributed to his injuries." The court, however, in other portions of his instructions fully and completely covered the subject of contributory negligence, or that negligence which would defeat a recovery, on every phase of the evidence bearing upon the defense of contributory negligence; and we have often stated and reiterated the rule that, in such circumstances, the instructions must all be considered together, and when so considered if found to be correct, and in the absence of any confusion or contradiction in them, as is the case here, no error can be charged upon detached portions of the instruction.

All other assignments go to the matter of the sufficiency of the evidence to justify the verdict and judgment. There was substantial evidence for and against each of the parties in support of the several allega-

tions of each against the other, thus presenting a case it was peculiarly the province of the jury to decide.

Affirmed.

HOLCOMB, MAIN, MACKINTOSH, and FULLERTON, JJ., concur.