## CONNER v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. August 3, 1925.)

No. 4515.

1. **Criminal law ⬅1054(1)—Sustaining of objection to question asked on cross-examination not ground for complaint, where no exception preserved.**

In murder prosecution, sustaining of objection to question asked government's witness on cross-examination, whether, if by reason of familiarity with other men she had not broken up some homes, was not ground for complaint, where no exception was preserved.

2. **Criminal law ⬅338(6)—Question whether government's witness had not broken up homes by familiarity with other men held irrelevant.**

In murder prosecution, question asked government's witness on cross-examination whether, if by reason of familiarity with other men she had not broken up some homes, was wholly irrelevant to the issue.

3. **Witnesses ⬅340(3)—Female witness cannot ordinarily be impeached by an attack on her character for chastity.**

A female witness cannot ordinarily be impeached by an attack on her character for chastity.

4. **Witnesses ⬅340(3)—Refusal to allow defendant to impeach female witness by attack upon her chastity held not erroneous.**

In murder prosecution, refusal to allow defendant to impeach credibility of female witness by an attack upon her character for chastity held not erroneous, especially where defendant was given opportunity to contradict government's testimony offered in rebuttal that her reputation for chastity was good.

5. **Homicide ⬅166(7)—Evidence refuting inference from defendant's testimony of affectionate relations with his wife, by showing that he had improper relations with other women, held competent.**

In prosecution for wife murder with defendant's testimony tending to show affectionate relations with his wife, thereby negativing the idea of motive for killing her, it was competent to refute the inference from such testimony by showing that he had had improper relations with other women, since it tended to show a motive for a desire to be rid of his wife.

6. **Criminal law ⬅687(1)—Court held not to have abused discretion in admitting testimony after defendant had introduced his evidence and rested.**

In murder prosecution, court held not to have abused its discretion in admitting testimony of medical witness that wound appearing in skull of deceased was inflicted with a steel-jacketed bullet, after defendant had introduced his evidence and rested, where witness for defendant had expressed his opinion that such wound had been made by a soft bullet, even though such testimony was not strictly rebuttal.

In Error to the District Court of the United States for the Southern Division of the Western District of Washington; Edward E. Cushman, Judge.

Richard Conner was convicted of murder within a military reservation, and he brings error. Affirmed.

Merritt J. Gordon, of Tacoma, Wash., for plaintiff in error.

Thos. P. Revelle, U. S. Atty., of Seattle, Wash., and W. W. Mount, Asst. U. S. Atty., of Tacoma, Wash.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

HUNT, Circuit Judge. Conner, defendant below, was convicted of murder of his wife, Pearl Conner, committed about May 19, 1924, within the Camp Lewis Military Reservation in the state of Washington. By assignments of error, defendant questions several rulings of the court in admitting or rejecting testimony.

[1, 2] Mrs. Ione Holt, called by the government, testified that after the disappearance of Mrs. Conner witness had several meetings with Conner, and that he told her that Pearl, his wife, was under forty feet of ground in a caved-in well on the reservation. Witness said that she told Conner she would help him, and would make an affidavit in which she would falsely describe the clothing worn by Mrs. Conner about the time she disappeared, and would falsely state that

witness had seen Mrs. Conner with a man on the highway. On cross-examination, witness was asked if, by reason of familiarity with other men, she had not "broken up one or two homes in Pierce county." The court sustained an objection to the question, but, as no exception was preserved, defendant cannot complain. Nevertheless we have considered the objection because of the gravity of the case, and hold that the question was wholly irrelevant to the issue. La Beau v. People, 34 N. Y. 223; 40 Cyc. 2605.

[3, 4] Defendant called a witness to impeach the credibility of Mrs. Holt. Counsel asked her whether the reputation of Ione Holt as to chastity and morality was good or bad. The court sustained an objection to the question, and exception was taken, and thereafter witness was allowed to testify as to the general repute of Mrs. Holt "for prostitution or the reverse," and for truth and veracity. She answered it was not good. While there is some conflict in the authorities, the better rule is that a female witness cannot, under ordinary circumstances, be impeached by an attack upon her character for chastity. McKune v. United States (C. C. A.) 296 F. 480; United States v. Van Sickle, 28 Fed. Cas. 361, No. 16609; United States v. Dickinson, 25 Fed. Cas. 850, No. 14958. The ruling excepted to was therefore correct. It appears, however, that the trial court receded from the ruling as to the evidence of reputation for morality and chastity, for, after the government offered rebuttal evidence that Mrs. Holt's reputation for veracity, morality, and chastity was good, the court gave defendant the opportunity of calling witnesses to contradict such testimony, but the defendant did not avail himself of it.

[5] Defendant testified in his own behalf that he and his wife had had a reconciliation about ten days before she disappeared; that he last saw her on the evening of May 19th, when he kissed her and left her to go to her father's. He denied having killed her. On cross-examination, he admitted that during the three months before Mrs. Conner disappeared, he had had criminal relations with a certain woman who had testified for the government, and that he had testified in divorce proceedings between himself and his wife. Defendant was asked whether he had not within the last two years "made love to" other women and been out with them. Objection to the question was overruled and exception taken. He said he could recall one. As defendant's testimony on direct examination tended to show affectionate re-

lations with his wife, and thus to negative the idea of motive for killing her, it was competent to refute the inference from defendant's direct testimony by showing that he had had improper relations with other women. Such evidence tended to show a motive for a desire to be rid of his wife. 30 C. J. p. 185; People v. Smith, 55 Cal. App. 324, 203 P. 816; People v. Montgomery, 176 N. Y. 219, 68 N. E. 258; Porter v. State, 173 Ind. 694, 91 N. E. 340; State v. Shoemaker (Mo. Sup.) 183 S. W. 322; Underhill on Evidence, § 323.

[6] In rebuttal, Col. Skinner of the Medical Corps of the United States Army testified as to the effect of a gunshot wound on a human skull. The skull of Mrs. Conner was handed to the witness, and he was asked whether or not, in his opinion, the wound that appeared therein was inflicted with a lead bullet or a steel-jacketed bullet. Witness gave it as his opinion that the wound was made with a steel-jacketed bullet. The competency of such evidence is not questioned, but it is said that it was error to receive the testimony after the defendant had introduced his evidence and rested. But, as a witness for the defendant had expressed the opinion that the wound appearing in the skull could have been inflicted by a 32-caliber automatic pistol, and that he thought a soft bullet "would come nearer making the hole, rather than a metal-jacketed bullet," it was not error to permit rebuttal of such testimony. Even if not strictly rebuttal, the court did not abuse its discretion in admitting it. Goldsby v. United States, 160 U. S. 70, 16 S. Ct. 216, 40 L. Ed. 343; State v. Copeland, 66 Wash. 243, 119 P. 607.

We find no error and affirm the judgment. Affirmed.