[No. 21066. Department One. April 9, 1928.]

THE STATE OF WASHINGTON, *Respondent,* v. EMMETT BAILEY, *Appellant.*[1]

[1] CRIMINAL LAW (423)—APPEAL—ASSIGNMENT OF ERRORS. In a capital case, the court is inclined to disregard objections to the assignment of errors, and accord the condemned man every possible opportunity to show error.

[2] CRIMINAL LAW (405)—MATTERS TO BE SHOWN BY RECORD—PRESENCE OF ACCUSED. The entry in the clerk's minutes reciting the presence of the accused at the beginning of the trial and at the resumption thereof after each adjournment, is sufficient to show his presence, nothing appearing to the contrary.

[3] CRIMINAL LAW (229)—TRIAL—SCOPE OF EVIDENCE IN REBUTTAL. In a prosecution for murder, the accused, having produced expert evidence of a doctor to the effect that in his opinion the wound could not have been produced by a certain bullet, can not object to expert evidence of other doctors to the contrary in rebuttal on the ground that the subject was not one for expert opinion.

Appeal from a judgment of the superior court for Lewis county, McKenney, J., entered April 28, 1927, upon a trial and conviction of murder. Affirmed.

*Gus L. Thacker,* for appellant.

*William H. Grimm* and *Russell L. Ponder,* for respondent.

[1]Reported in 266 Pac. 163.

TOLMAN, J.—Appellant was tried and convicted upon a charge of murder in the first degree. A special finding was made by the jury that the death penalty be inflicted. From a judgment and sentence thereon, this appeal is prosecuted.

The original assignments of error seem only to raise the question of the admission of improper rebuttal testimony, but, by supplemental brief, further errors are assigned to the effect that the record fails to show affirmatively that the appellant was personally present at the commencement of the trial below, or at any time thereafter, except upon the last day, when he testified in his own behalf; and that the opinion evidence admitted on rebuttal was incompetent and prejudicial.

[1] The state of the record is such that there is room for argument that these supplemental assignments are not now properly before this court; but, in a capital case such as this, we are not inclined to draw the line too closely, and prefer to accord the condemned man every possible opportunity to show error to his prejudice.

[2] Treating the assignments in the logical order, the first and most important is that relating to the failure of the statement of facts to disclose affirmatively the presence of the accused at the opening of the trial. Section 22, art. I, of our constitution, provides:

"In criminal prosecutions, the accused shall have the right to appear and defend in person, . . . to demand the nature and cause of the accusation against him, . . . to meet the witnesses against him face to face, . . ."

Our statute also (§ 2145, Rem. Comp. Stat.) [P. C. § 9372], directs that:

"No person prosecuted for an offense punishable by death, or by confinement in the penitentiary or in the

county jail, shall be tried unless personally present during the trial.''

It is argued that the record must affirmatively show the presence of the accused, or, failing that, error would be presumed. The cases cited from other jurisdictions may so hold under the peculiar constitutional or statutory enactments there considered, but the cases cited from this court do not go so far. *Linbeck v. State,* 1 Wash. 336, 25 Pac. 452; *State v. Beaudin,* 76 Wash. 306, 136 Pac. 137; *State v. Shutzler,* 82 Wash. 365, 144 Pac. 284. As we now read these cases, in each of them the absence of the accused was an admitted fact, and there is no discussion in any one of them of the necessity for an affirmative showing by the record, as here contended for.

In *State v. Costello,* 29 Wash. 366, 69 Pac. 1099, it was held that, where the minute entries of the clerk showed the accused to be present at the beginning of the trial, the presumption must follow that he was present throughout the remainder of the trial, unless there was an affirmative showing to the contrary. We do not need to go further here than to apply the doctrine of the *Costello* case. While the statement of facts is silent on the subject, as hereinbefore stated, a supplemental transcript has been brought up by the respondent containing the clerk's minutes of the trial, in which it is recited that when the cause came on for trial the defendant was present in person and by his attorney; and after each adjournment these minutes show that when the trial was resumed all parties were present. There being no showing to the contrary, this is sufficient.

[3] To an understanding of the other questions, it seems necessary to say that the theory of the defense was that the shooting was accidental. The state had

offered evidence tending to show that three shots were fired, the first of which may have been fired accidentally or at random; at any rate, the state's evidence excludes the thought that the first shot hit the deceased. The state's evidence tends to show that the two remaining shots were fired deliberately from a gun in the hands of the appellant, but it is not conclusive as to which shot struck the deceased and caused the death, and from it the jury might have found that either shot caused the death.

The appellant, in his defense, presented freely his theory and sought to show that all of the shots fired, whether two or more, were accidentally fired without any volition on his part, and called a doctor as an expert to give evidence as to the course of the bullet which caused the death, describing where and how it struck the deceased and in what course it passed through her body. This witness was asked, and gave the opinion, that it was impossible for the particular bullet fired by the second shot to have caused the wound in the body of the deceased which all the evidence shows existed. Thereafter, in rebuttal, the state was permitted to, and did, call two doctors, who, from the facts upon which the state relied, testified that the particular bullet in question could have made the wound which was found to exist in the body of the deceased. The appellant's contentions upon this point are twofold. First, that the subject was not one for expert opinion, under our rulings in *Eddy v. Spelger & Hurlbut,* 117 Wash. 632, 201 Pac. 898, and *Simonson v. Huff,* 124 Wash. 549, 215 Pac. 49. In the latter case it was said:

"Special skill will not entitle a witness to give an expert opinion where the jury is capable of forming its own conclusions from the facts shown."

Assuming, without deciding, that the present case is one for the application of that rule, yet appellant, having been successful over the state's objections in introducing his expert evidence upon the subject, is in no position now to complain because the state was permitted to meet it by like expert testimony. No doubt this evidence might have been introduced as a part of the state's case in chief. But the state had, in chief, presented its facts generally as to the course of both bullets, and until the defense was presented as to the particular one, it was not advised of any necessity to go further. When that defense was presented, it offered the evidence to which objection is made, and we are satisfied that it was within the discretion of the trial court to so admit it.

The general rule applicable is well stated in 16 C. J., page 867, where it is said:

"It is discretionary with the prosecution whether it will introduce any evidence in rebuttal; but where it decides so to do it may introduce in rebuttal any competent evidence which is a direct reply to or a contradiction of material evidence introduced by defendant, or which is brought out on his cross-examination; and defendant may introduce evidence in rebuttal of that introduced by the prosecution. Evidence in rebuttal by the prosecution need not completely and entirely contradict any portion of the evidence for the defense, if it has a tendency to contradict or disprove it. Testimony which tends to weaken the evidence for the defense is not objectionable in rebuttal because it also tends to strengthen the evidence of the prosecution. As a rule immaterial evidence cannot be rebutted. Rebuttal evidence of the prosecution which goes beyond defendant's evidence should be excluded on objection; or defendant should be given an opportunity fully to cross-examine the witnesses and to offer evidence in rebuttal; but if evidence tends to contradict, qualify, limit, or explain matters brought out in the testimony introduced by defendant, the state properly may intro-

duce such evidence in rebuttal, even though defendant's witnesses may have admitted, or may not have denied, the existence of the facts sought to be proved thereby.

"The admission of rebuttal testimony rests largely within the discretion of the trial court, and this includes the determination of whether certain testimony is proper rebuttal testimony."

Finding no error, the judgment is affirmed.

MACKINTOSH, C. J., PARKER, MITCHELL, and FRENCH, JJ., concur.