[No. 26859.   Department One.   February 21, 1938.]

THE STATE OF WASHINGTON, *Respondent*, v. WARREN
ELWOOD, *Appellant.*[1]

*Will Lanning,* for appellant.

*B. Gray Warner* (*Paul Coughlin,* of counsel), for
respondent.

MAIN, J.—Robert Graves and Warren Elwood were
charged by information with the crime of burglary in
the second degree.   The trial resulted in separate
verdicts finding each of them guilty as charged.   There-
after, each of the defendants was charged with being
an habitual criminal.   The trial of Elwood upon this
charge resulted in a verdict of guilty.   We are not here

[1]Reported in 76 P. (2d) 986.

concerned with the similar charge against Graves. Elwood moved for a new trial, which was overruled, and from the judgment and sentence entered, appeals.

Sometime between the early morning hours and one o'clock in the afternoon of November 15, 1936, a store of the Washington State Liquor Control Board, located on Roosevelt way in Seattle, was burglarized. November 15th was a Sunday. The safe, which contained more than four thousand dollars in currency and silver, was removed from the building, along with certain other articles. On the following Tuesday, Graves and the appellant were arrested and were subsequently charged as above indicated. A certain amount of money was taken from the Graves' automobile, as well as from the house of Elwood. In addition to this, some money was taken from the person of each of them. They were tried together and were represented by different counsel, neither of whom appears in this court for the appellant Elwood.

■ The appellant's first contention is that he was prevented from having a fair and impartial trial, and was prejudiced by what he claims to be the "hostile, critical and antagonistic attitude of the trial judge toward the counsel for defendants." In support of this contention, the appellant, in his brief, lists many items which occurred during the time the state was introducing its evidence. Counsel for the appellant, as well as for Graves, made numerous and persistent objections, most of which were overruled, sometimes with a disapproval comment.

It is the duty of the trial court to see that proper decorum is observed, and that a trial proceeds in an orderly manner. The trial court in this case did nothing more than that. In fact, after reading the record of what occurred, it is our view that the court

would have been derelict in its duty had it done less than it did. We find no merit in this contention.

■ It is next contended that the court erred in refusing to pass upon the question as to whether the "admissions or confessions of the defendants were voluntary or involuntary," and in submitting that question to the jury. It may well be doubted whether the record shows anything that indicates a confession made by the appellant. But if it should be presumed that there was such a confession, then whether it was produced by duress was a question upon which the evidence was in dispute, and the question was for the jury to determine. *State v. Wilson,* 68 Wash. 464, 123 Pac. 795; *State v. Smythe,* 148 Wash. 65, 268 Pac. 133.

■ It is next contended that the court erred in giving instruction No. 13. But this instruction is not set out in the appellant's brief, as required by rule of this court (Rule of Court VIII, subd. 1, 159 Wash. xliii), and for this reason cannot be considered. *State v. Jones,* 188 Wash. 275, 62 P. (2d) 44; *State v. Hussey,* 188 Wash. 454, 62 P. (2d) 1350.

■ Finally, the appellant complains with reference to the admission in evidence of exhibits

". . . taken from the home of appellant without a search warrant and in admitting in evidence exhibits taken from the person of appellant."

February 11, 1937, a motion to suppress evidence was filed, but no effort was made to bring it on for hearing prior to the time that the jury had been impanelled and sworn, and the motion was then denied, for the reason that it had not been timely presented for determination. Whether the articles complained of were properly taken without a search warrant, under the evidence presented a question of fact, and the court did not need to stop the trial to investigate and determine that fact. *State v. Dersiy,* 121 Wash. 455,

209 Pac. 837, 215 Pac. 34; *State v. Gunkel,* 188 Wash. 528, 63 P. (2d) 376.

The judgment will be affirmed.

STEINERT, C. J., GERAGHTY, HOLCOMB, and SIMPSON, JJ., concur.