[No. 26950. Department One. April 25, 1938.]

THE STATE OF WASHINGTON, *Respondent*, v. GORDON JENSEN, *Appellant*.[1]

¹Reported in 78 P. (2d) 600.

*H. Sylvester Garvin* and *Anthony Savage,* for appellant.

*B. Gray Warner, John M. Schermer,* and *Harry A. Bowen,* for respondent.

HOLCOMB, J.—Appellant was charged with the crime of murder in the first degree. He entered a plea of not guilty. The jury returned a verdict of guilty of the crime of murder in the second degree. Judgment was entered upon the verdict, and the maximum sentence was fixed at not more than twenty-five years.

The essential facts are these: May 14, 1937, appellant, a police officer in Seattle, arose at some time between eight and nine o'clock a. m. On that day, appellant was on sick leave and off police duty by reason of the fact that he had fractured his right ankle. Two sisters of appellant's wife came to his home, located at 942 Market street, in Ballard, in the city of Seattle, at about eight o'clock on that morning and remained about an hour. When they departed, they drove appellant to a beer parlor, where he had two glasses of wine, after which they took him home. It appears that appellant also had several drinks of whiskey before and after breakfast.

About 1:30 p. m., appellant and his wife, Mamie Jensen, drove to a department store, where they purchased an automobile tire. Thereafter, they drove north on First avenue and stopped at a place where appellant had two drinks of whiskey, and appellant's wife also had two drinks brought out to her at the automobile. They then drove to Second avenue and called at a speakeasy upon a person who owed appellant a small sum of money, and while there appellant had two more drinks. Immediately after this, they stopped at another department store, where appellant's wife made a purchase, after which they drove to a

testing station to have their car tested. The examination of their car having been completed, they drove across the Fremont bridge and stopped at a tavern, where appellant drank some more wine. Appellant then drove the car to his home, arriving there at about 4:30 p. m.

While driving home, appellant and his wife argued· about many things, chiefly money matters and appellant's excessive drinking. As to whether they quarreled at that time about Mrs. Jensen's keeping company with another man, and being unfaithful to appellant, the testimony is conflicting. Mrs. Jensen went into their home through the back door. Appellant placed the new tire in his basement, and then went upstairs to the kitchen by the basement stairway.

Appellant carried a gun in his right hip pocket, as is customary with Seattle police officers when they are either on or off duty. A short time after returning to their home, the next door neighbors, Mr. and Mrs. Kuphal, heard some shots fired and summoned the police, who arrived shortly after six p. m. Upon their arrival, they found the dead body of Mamie Jensen lying in the kitchen under the sink, and appellant sitting on a chair beside the range.

At the conclusion of the state's case, appellant challenged the sufficiency of the evidence with reference to the charge of murder in the first degree, on the ground that no premeditated design was established by the testimony of the witnesses. He further challenged the sufficiency of the evidence with reference to second degree murder and requested the court to instruct the jury merely upon the basis of manslaughter. Appellant also requested the court to take away from the jury the question of manslaughter, and to instruct the jury to return a verdict of not guilty of any other crime that may be included within the crime charged,

including any offense in any degree. These motions were denied.

From the judgment entered upon the verdict and the denial of the motions for arrest of judgment and a new trial, this appeal is taken.

Appellant sets up thirteen assignments of error. Assignments Nos. 1, 2, 10, 11, and 12, relate to the sufficiency of the evidence and the refusal of the lower court to take the charges of first and second degree murder from the jury.

Yoris, chief of detectives, who arrived at appellant's home at 7:05 p. m., May 14, 1937, questioned appellant and testified in regard to his conversation with him as follows:

"A. And I said, 'What happened here, and who did this?' And he said 'I did it, I will tell you all about it.' So, I left immediately then with him for headquarters."

We do not feel that it would serve any good purpose to particularize the testimony, much of which is conflicting. In substance, the defense attempted to show that the decedent had made previous threats upon appellant's life; that both appellant and his wife were intoxicated at the time of the shooting; and that, at the time the fatal shot was fired, decedent had threatened to take appellant's life.

We find there was sufficient evidence in the record to warrant the submission of the case to the jury and that the trial court should not have done otherwise.

In assignments of error Nos. 3, 4, and 6, appellant complains that the trial court erred in permitting Dr. Hoedemaker's rebuttal testimony.

Appellant testified that, following the shooting, he lost his power of recollection; and that he experienced a lapse of mind from which he did not recover until approximately three days later.

An examination of the testimony of this physician discloses that it tends to contradict, qualify, and limit material matters presented by the testimony of appellant. The trial court did not abuse its discretion in permitting the admission of this testimony.

In *State v. Bailey,* 147 Wash. 411, 266 Pac. 163, we approved the following. text:

"It is discretionary with the prosecution whether it will introduce any evidence in rebuttal; but where it decides so to do it may introduce in rebuttal any competent evidence which is a direct reply to or a contradiction of material evidence introduced by defendant, or which is brought out on his cross-examination; and defendant may introduce. evidence in rebuttal of that introduced by the prosecution. Evidence in rebuttal by the prosecution need not completely and entirely contradict any portion of the evidence for the defense, if it has a tendency to contradict or disprove it. Testimony which tends to weaken the evidence for the defense is not objectionable in rebuttal because it also tends to strengthen the evidence of the prosecution. As a rule immaterial evidence cannot be rebutted. Rebuttal evidence of the prosecution which goes beyond defendant's evidence should be excluded on objection; or defendant should be given an opportunity fully to cross-examine the witnesses and to offer evidence in rebuttal; but if evidence tends to contradict, qualify, limit, or explain matters brought out in the testimony introduced by defendant, the state properly may introduce such evidence in rebuttal, even though defendant's witnesses may have admitted, or may not have denied, the existence of the facts sought to be proved thereby.

"The admission of rebuttal testimony rests largely within the discretion of the trial court, and this includes the determination of whether certain testimony is proper rebuttal testimony." 16 C. J. 867, § 2185.

See, also, *State v. Klein,* 19 Wash. 368, 53 Pac. 364; *State v. Copeland,* 66 Wash. 243, 119 Pac. 607; *State v.*

*Turfey*, 100 Wash. 5, 170 Pac. 335; *State v. Hussey*, 188 Wash. 454, 62 P. (2d) 1350.

■ Assignment No. 5 is to the effect that the trial court erred in permitting Dr. Hoedemaker's rebuttal testimony relative to details of the conversations had with appellant, by the use of notes, without any proper foundation being established, over the objection of counsel. These notes relating to the doctor's interview with appellant, to which he referred during his testimony, were written down verbatim at the time of the interview. Dr. Hoedemaker dictated them to his stenographer, who transcribed them under his direction. He thereafter checked them to ascertain if they were correct.

A contemporaneous memorandum made by a witness may be used to refresh his memory. 23 C. J. 31, § 1769.

In *Schmidt v. Van Woerden*, 181 Wash. 39, 43 P. (2d) 3, we said:

" 'A witness may be allowed to refresh his memory by looking at a printed or written paper or memorandum, and, if he thereby recalls a fact or circumstance, he may testify to it. It is not the memorandum which is evidence, but the recollection of the witness.' "

"It is a well-settled and undisputed principle that a witness, under certain legal restrictions, may refer to written or printed memoranda, documents, papers, or letters for the purpose of refreshing, assisting, and stimulating his recollection and memory with regard to the facts about which he is testifying. While a general rule requires that a witness should testify only to such facts as are within his personal knowledge and recollection, this requirement is not violated by permitting him to refresh such knowledge." 5 Jones, Commentaries on Evidence (2d ed.), 4672, § 2379.

It was proper to permit the witness to testify by examining his notes.

■ In assignment No. 8, appellant complains that

the trial court erred in failing to give his requested instruction No. 47, relating to intoxication.

Rem. Rev. Stat., § 2258 [P. C. § 8693], provides:

"No act committed by a person while in a state of voluntary intoxication shall be deemed less criminal by reason of his condition, but whenever the actual existence of any particular purpose, motive or intent is a necessary element to constitute a particular species or degree of crime, the fact of his intoxication may be taken into consideration in determining such purpose, motive or intent."

Under this statute, it is a question for the jury to resolve as to whether appellant was intoxicated to such an extent that he was incapable of forming a criminal intent. *State v. Beaman*, 143 Wash. 281, 255 Pac. 91; *State v. Miller*, 177 Wash. 442, 32 P. (2d) 535.

The jury was fully instructed as to the effect of intoxication upon the formation of criminal intent by other instructions given by the trial court, so that no error can be predicated on the refusal of the court to give this instruction. The instructions considered as a whole properly state the law of the case. *Lew Wong v. Wicklund*, 133 Wash. 93, 233 Pac. 304; *Nystuen v. Spokane County, ante* p. 312, 77 P. (2d) 1002.

Error is assigned in giving instructions Nos. 11 and 12 with respect to intoxication. Since these instructions are not set out in full in appellant's brief, as required by Rule VIII, § 1, Rules of the Supreme Court, 159 Wash. xliii, we cannot consider this assignment, even though respondent prints them in its answering brief. See *State v. Hussey, supra.*

To the same effect: *Drainage Dist. No. 2 v. Everett*, 171 Wash. 471, 18 P. (2d) 53, 88 A. L. R. 123; *Keseleff v. Sunset Highway Motor Freight Co.*, 187 Wash. 642, 60 P. (2d) 720; *State v. Elwood*, 193 Wash. 514, 76 P. (2d) 986.

The remaining assignments of error have been examined, and we do not find them to be meritorious.

The judgment is affirmed.

STEINERT, C. J., MAIN, GERAGHTY, and SIMPSON, JJ., concur.