[No. 29276.   Department One.   July 29, 1944.]

*In the Matter of the Application for a Writ of Habeas Corpus of* WILLIAM G. HENRY, *Petitioner,* v. BERT O. WEBB, *as Superintendent of the Washington State Penitentiary, Respondent.*[1]

*William G. Henry, pro se.*

*The Attorney General* and *Hugh O. Dressel, Assistant,* for respondent.

JEFFERS, J.—This matter is before us on the petition for a writ of *habeas corpus* of William G. Henry, who is now confined in the penitentiary at Walla Walla.

Petitioner was convicted of the crime of burglary in the second degree, in the superior court for King county, after a jury trial.   Thereafter, petitioner was charged with being an habitual criminal, in that, prior to the date of the commission of the crime of burglary in the second degree, he had been convicted of other crimes which amount to felonies under the statutes of this state.   Petitioner was duly brought to trial upon the supplemental information charging him

[1] Reported in 150 P. (2d) 693.

with being an habitual criminal, and was thereafter found by the jury to be an habitual criminal. Thereafter, the court made and entered its judgment and sentence in the second-degree burglary case, considering in connection with such judgment and sentence the judgment finding petitioner to be an habitual criminal. By the judgment and sentence, the court, on June 13, 1929, sentenced petitioner to the penitentiary at Walla Walla for the period of his natural life. Immediately after judgment and sentence, petitioner was taken to the penitentiary, no appeal having been taken from the judgment.

On December 15, 1942, Governor Arthur B. Langlie, acting on the recommendation of the board of prison terms and paroles, commuted petitioner's sentence to the term of twenty years. On December 21, 1942, the board of prison terms and paroles, apparently assuming that they had authority under Rem. Rev. Stat. (Sup.), § 10249-1 [P. C. § 4396] et seq., so to do, granted petitioner a parole. On February 18, 1943, Governor Langlie, acting pursuant to the authority vested in him by the constitution and Rem. Rev. Stat., § 2223 [P. C. § 9333], granted a conditional pardon to petitioner. The condition upon which the pardon was granted and accepted is as follows:

"This conditional pardon is granted and accepted with the distinct understanding that the said William G. Henry shall adhere strictly to the terms, conditions and rules governing conditional pardons, and any rules and regulations which the governor may adopt on the subject, and with the further understanding the governor *may at any time revoke the same without notice,* and cause the said William G. Henry to be returned to the penitentiary to resume serving the sentence imposed upon him." (Italics ours.)

By executive order made by Governor Langlie on March 31, 1943, the conditional pardon of petitioner was revoked for violation of the conditions imposed upon him under the pardon, and he was ordered returned to the penitentiary. He was shortly thereafter returned to the penitentiary, where he is still confined.

It is apparent from the record before us that petitioner was originally confined under a proper judgment and sen-

tence to life imprisonment. Nor do we understand that petitioner is contending otherwise. Neither does petitioner question the commutation of his sentence from life to twenty years, by executive order dated December 15, 1942. As we understand his contention, it is that, after his sentence had been reduced to twenty years, the board of prison terms and paroles, on December 21, 1942, assuming to act under Rem. Rev. Stat. (Sup.), § 10249-1 *et seq.*, granted to petitioner a parole, and in so doing gave him a credit of six years and eight months off the term of twenty years for good behavior; that, at the time of petitioner's release under the parole on December 21, 1942, by including the six years and eight months credit, petitioner had served his entire term of twenty years, and, having so satisfied the sentence imposed upon him, the governor had no right or authority thereafter to revoke the conditional pardon and order petitioner to be again incarcerated; and that he is therefore now unlawfully restrained of his liberty.

The real question in this case, as we see it, is whether or not, when one is convicted of being an habitual criminal and sentenced to life imprisonment for the last substantive offense included in the habitual criminal charge, and thereafter the governor commutes the sentence from life imprisonment to twenty years, such twenty-year sentence can be reduced or affected in any way other than by a further executive order either further reducing the sentence or granting to the one so sentenced either a conditional or complete pardon.

In the instant case, there is included in the above question the further question of whether or not the board of prison terms and paroles, in a case such as that first above stated, has any authority, under the statute, after the life term has been commuted, to parole one so convicted, or give credit on such sentence for good behavior, or in any way or manner reduce the commuted sentence.

There is also in this case the question of whether or not the governor may grant a conditional pardon and thereafter revoke the same.

■ Under § 9, Art. III, of the constitution, the pardoning power is vested in the governor, under such regulations and restrictions as may be prescribed by law. There is no question, it seems to us, but that the governor had authority under Rem. Rev. Stat., § 2223, to issue a conditional pardon, as was done in this case by executive order dated February 18, 1943, which order set out the conditions upon which the pardon was granted. Neither is there any question in our minds but that the governor had authority to revoke the conditional pardon, as was done in this case, because of failure to comply with the conditions upon which such pardon was granted. See *Spencer v. Kees*, 47 Wash. 276, 91 Pac. 963.

Petitioner, then, is now lawfully held in the penitentiary at Walla Walla, as the twenty years to which the original sentence was commuted have not been served, unless the contention of petitioner is sustained.

■ We are of the opinion that, where one is sentenced in the type of case here involved, the statute contemplates such person shall serve the entire sentence required to be imposed, unless such sentence be commuted, or such one so sentenced be conditionally or fully pardoned by the governor. This being true, we are also of the opinion that, where the original sentence which is required to be imposed is commuted by the governor, such commuted sentence falls within the same category as the original sentence, and cannot be reduced or changed except by executive order, nor can one whose sentence has been so commuted be released from custody except by executive order granting a conditional or full pardon.

It is apparent to us that, under Rem. Rev. Stat., § 2286 [P. C. § 8721], a person convicted as was petitioner in this case, must be sentenced to imprisonment in the state penitentiary for life.

It is just as apparent that the authority vested in the board of prison terms and paroles by Rem. Rev. Stat. (Sup.), § 10249-2 or § 10249-4, does not apply to one who has been convicted and sentenced as was petitioner, as § 10249-2 specifically excepts from the operation of the act a person con-

victed of treason, murder in the first degree, carnal knowledge of a child under ten years, or being an habitual criminal. This exception, in our opinion, was meant to pervade the entire act, and so it would follow that, where one has been convicted and sentenced under some one of the excepted offenses, the board of prison terms and paroles under the act would neither have authority to parole such person nor to allow credit on such sentence or reduce the sentence in any way.

The finality of the sentence is not changed by commuting the sentence from life imprisonment to a specified term of years, and the board of prison terms and paroles would have no more authority to parole the person because the sentence had been commuted, or allow credit on such commuted sentence, than it would have had to affect the original sentence.

It seems to us it must follow that petitioner's sentence could be reduced only by executive order, and that one so convicted and sentenced could be released from custody only by an order of the governor granting either a conditional or a full pardon.

For the reasons herein stated, we are of the opinion that petitioner is now lawfully detained in the penitentiary, and therefore his petition for a writ of *habeas corpus* must be and is denied.

SIMPSON, C. J., BEALS, STEINERT, and GRADY, JJ., concur.