**ELWOOD v. SMITH, Superintendent of State Penitentiary.**

No. 11562.

Circuit Court of Appeals, Ninth Circuit.

Dec. 1, 1947.

450

Warren Elwood, in pro. per. for appellant.

Smith Troy, Atty. Gen. of Washington, and Rudolph Naccarato, Asst. Atty. Gen., for appellee.

Before DENMAN, STEPHENS, and ORR, Circuit Judges.

STEPHENS, Circuit Judge.

Petitioner appeals from a judgment denying his application for the issuance of the writ of habeas corpus and discharging respondent from further answer to an order to show cause theretofore issued.

Petitioner makes the point that he was sentenced by the state court of Washington for a non-existent crime, to-wit, that of habitual criminal.

■ Some years ago, petitioner was twice found guilty of a crime in a Washington state court, each amounting to a felony, and thereafter was again found guilty of a felony by a court of that state. After the third conviction, sentence was withheld until after the issuance and trial of a charge that he was an habitual criminal. Section 2286, Rem.Rev.Stat., Laws of Washington.[1] A jury in a separate pro-

ceeding found petitioner to be an habitual criminal. The court then proceeded to sentence him on the third felony conviction as an habitual criminal. It is apparent that petitioner was not sentenced for a non-existent crime but for the substantive crime of which he had been convicted. However, the term of the sentence was fixed under the statute which provides the penalty for the crime when the status of the convicted person is that of an habitual criminal.

The statute and the procedure under it, as just stated, has been approved by the Washington Supreme Court. State v. Domanski, 5 Wash.2d 686, 106 P.2d 591; Henry v. Webb, 21 Wash.2d 283, 150 P.2d 693; Ex parte Cress, 13 Wash.2d 7, 123 P. 2d 767; In re Towne, 14 Wash.2d 633, 129 P.2d 230. See In re Lombardi, 13 Wash.2d 1, 123 P.2d 764. No federal right of petitioner was violated by the procedure practiced.

Petitioner claims that through threats and beatings administered to a co-defendant by policemen, the co-defendant advised the police as to the petitioner's residence, and that the police entered his house without a search warrant, carried away certain articles, and that such articles were introduced into evidence over his objection. Upon petitioner's appeal in the referred-to case, the Supreme Court of Washington found no error on this point. State v. Elwood, 1938, 193 Wash. 514, 76 P.2d 986.

■ The defendant urges that the introduction of the evidence secured through the illegal search and seizure was a violation of his constitutional rights under the Fourth Amendment of the United States Constitution. Such a claim misconceives the protection given by that amendment. The use of evidence secured by an illegal search and seizure made by a state or local officer, for use in a state trial, is a question for the state court and is not a federal matter. The Fourth Amendment protects against illegal search and seizures

[1] "Every person convicted in this state of * * * any felony, who shall previously have been twice convicted, whether in this state or elsewhere, of any crime which under the laws of this state would amount to a felony * * * shall be punished by imprisonment in the state penitentiary for life." Section 2286, Rem.Rev.Stat., Laws of Washington.

made to secure evidence for federal prosecutions.[2]

■ Petitioner claims that he was tried, together with a co-defendant, and that policemen testified to statements involving petitioner, which had been made by the co-defendant after severe beatings by the police. It appears that such testimony was interlaced with testimony as to the co-defendant's guilt. The court plainly instructed the jury to entirely disregard all such testimony which referred to petitioner. There is no error here.

■ Petitioner objects to the following finding of the district court, and, rather indefinitely, makes it a point on his appeal in this proceeding: "The petitioner, if mistreated or abused by arresting or investigating officers, was not induced thereby to confess or make any admissions sufficiently prejudicial to invalidate the judgment of conviction." The point can be of no great significance because petitioner claims affirmatively that he has made no admissions or confessions in any manner or at any time.

■ A closely related point is made by petitioner that evidence of admissions and confessions wrung from either petitioner or his co-defendant, or both, through police brutality was admitted in the second criminal trial under an instruction to disregard the same if the jury found the admissions and confessions to have been made involuntarily. There was sharp conflict in the evidence on this issue. Petitioner contends that the court, and not the jury, should have tried this issue. Petitioner has assumed that the rule in state court trials is the same as in federal court trials. McNabb v. United States, 318 U.S. 332, 63 S.Ct. 608, 87 L.Ed. 819. The matter is one of procedure, and, therefore, in this instance, is for the state court, and the Supreme Court of Washington has approved the practice criticized by petitioner. See State v. Elwood, 1938, 193 Wash. 514, 76 P.2d 986, and cases cited therein. Of course, in extreme cases, such as Brown v. State of Mississippi, 1936, 297 U.S. 278, 56 S.Ct. 461, 81 L.Ed. 682; and Hebert v. State of Louisiana, 1926, 272 U.S. 312, 47 S.Ct. 103, 71 L.Ed. 270, 48 A.L.R. 1102, the Supreme Court has found that due process has not been accorded the accused in a state trial because the trial has been only in form and in reality a sham. However, there is no suggestion of that condition here. See Lisenba v. People of State of California, 314 U.S. 219, 235 et seq., 62 S.Ct. 280, 86 L.Ed. 166.

---

[2] The Fourth Amendment to the Constitution of the United States prohibits an unreasonable search and seizure by federal officers. Hence, the federal courts forbid the introduction in court of evidence obtained by an illegal search and seizure if a timely motion for exclusion is made. See People v. Gonzales, 20 Cal. 2d 165, 124 P.2d 44; Byars v. United States, 273 U.S. 28, 47 S.Ct. 248, 71 L. Ed. 520; Go-Bart Importing Co. v. United States, 282 U.S. 344, 51 S.Ct. 153, 75 L.Ed. 374; Gouled v. United States, 255 U.S. 298, 302, 41 S.Ct. 261, 65 L. Ed. 647; Silverthorne Lumber Co. v. United States, 251 U.S. 385, 40 S.Ct. 182, 64 L.Ed. 319, 24 A.L.R. 1426; Boyd v. United States, 116 U.S. 616, 6 S.Ct. 524, 29 L.Ed. 746; Weeks v. United States, 232 U.S. 383, 34 S.Ct. 341, 58 L.Ed. 652, L.R.A.1915B, 834, Ann.Cas.1915C, 1177; Nardone v. United States, 308 U.S. 338, 60 S.Ct. 266, 84 L.Ed. 307; Ex parte Jackson, 96 U.S. 727, 733, 24 L.Ed. 877; Amos v. United States, 255 U.S. 313, 41 S.Ct. 266, 65 L.Ed. 654; Agnello v. United States, 269 U.S. 20, 46 S.Ct. 4, 70 L.Ed. 145, 51 A.L.R. 409. Evidence secured by a state or local officer not acting for the federal government by reason of an illegal search and seizure is admissible in federal courts when properly presented and is not violative of the United States Constitution. Whether such evidence so secured is admissible in a state court is a question for the state courts. See Wigmore § 2184a and cases cited therein. The Fourth Amendment is not directed towards state officials, but rather its limitations are confined to the federal government and its agencies. Rettich v. United States, 1 Cir., 84 F. 2d 118; Miller v. United States, 3 Cir., 50 F.2d 505; Weeks v. United States, 232 U.S. 383, 34 S.Ct. 341, 58 L.Ed. 652, L.R.A.1915B, 834, Ann.Cas.1915C, 1177; Boyd v. United States, 116 U.S. 616, 6 S.Ct. 524, 29 L.Ed. 746; Ex parte Vilarino, 9 Cir., 50 F.2d 582. Thus, the question of an infringement of the Fourth Amendment does not arise herein, the search and seizure being made by state or local officers acting independently of the federal government.

Petitioner claims that the prosecutor in his opening statement to the jury accused petitioner of making statements or admissions and performed actions, which the prosecutor claimed were admissions. The point is one to be disposed of in the due course of trial and appeal in the state court.

Affirmed.