[No. 25890. Department One. May 11, 1936.]

Q. CECCHI, *Plaintiff*, v. JOHN BOSA, *Appellant*, L. L. ST. CLAIR, *Respondent*.[1]

*Clay Nixon* and *Arthur B. Langlie* (*Everett O. Butts*, of counsel), for appellant.

*Roberts & Skeel* and *W. R. McKelvy*, for respondent.

STEINERT, J.—Plaintiff brought this action to recover damages to his automobile resulting from a collision with the automobile of one of the defendants, immediately following a collision between that automobile and a truck belonging to the other defendant.

[1] Reported in 57 P. (2d) 1064.

A cross-complaint, alleging personal injuries and property damage, was filed by the defendant owning the second automobile against the defendant owning the truck. Plaintiff's complaint was subsequently dismissed, and the action proceeded on the cross-complaint, answer thereto, and reply. Trial by jury resulted in a verdict in favor of the cross-defendant, and from the judgment on the verdict, the cross-complainant has appealed. We shall hereinafter refer to the cross-complainant as appellant and to the cross-defendant as respondent.

Westlake avenue in Seattle is an arterial highway extending in a northerly and southerly direction. Lenora street crosses Westlake avenue in a northeasterly and southwesterly direction. Eighth avenue crosses Westlake avenue at approximately the place where Lenora street crosses it, but in a northwesterly and southeasterly direction. The common intersection may be compared to the hub of a wheel having six radiating spokes somewhat unevenly set. It is conceded by both parties that the intersection where the accident occurred is what is known in law as an obstructed intersection.

Appellant was driving a Chrysler coupe northerly along Westlake avenue toward Lenora street. Respondent was driving a loaded truck southwesterly along Lenora street toward Westlake avenue. Plaintiff was driving a Ford automobile in a southerly direction along Westlake avenue toward the intersection common to the three streets.

It is conceded by appellant that he was driving at a rate of from eighteen to twenty miles per hour when he entered the intersection. The evidence as to the speed of, and the care exercised by, respondent is in serious conflict. Appellant's evidence was to the effect that respondent appeared to slow down at the stop

sign located on Lenora street, but then, according to subsequent events, suddenly proceeded forward into the intersection at a high rate of speed. Respondent's evidence was that he stopped at the stop sign and, seeing that appellant was about one hundred fifty feet to the south on Westlake avenue, and believing that he had ample time to cross Westlake avenue ahead of appellant, proceeded forward at a rate of from five to eight miles per hour; and that, after he had entered Westlake avenue, he observed that appellant was approaching more rapidly than he had previously thought and accordingly slowed down and stopped before reaching the center line of Westlake avenue.

Appellant apparently, and as he testified, did not observe the movement of the truck after it passed the stop sign, until it was about fifteen feet directly ahead of him in the intersection. Appellant then accelerated his speed and at the same time swerved to the left in an attempt to pass ahead of the truck. The front bumper of the truck caught the right rear fender and wheel of the coupe, with the result that the coupe either ran, under its accelerated speed, or else was thrown forward by the force of the impact, to the opposite side of Westlake avenue and crashed into plaintiff's car coming from the opposite direction.

The assignments of error are as follows: (1) error in four of the instructions given by the court; (2) error in denying appellant's motion for new trial; and (3) error in entering judgment for respondent. The three assignments present identical questions and, in the briefs, are discussed together, generally. For the most part, appellant's contentions are directed against certain instructions given by the court.

It is first contended that the instructions are duplicitous and overly emphatic of the duty resting on the appellant. There are several grounds of negli-

gence assigned by the appellant. There are, likewise, various grounds of contributory negligence asserted by the respondent. The court, in a series of instructions, alternately gave the law applicable to the various contentions, according to the theories and evidence of the respective parties. Whatever emphasis the court placed, in some of its instructions, on the duty resting on appellant, was counterbalanced by equal emphasis placed, in other instructions, on the duty resting on respondent. While, in several of the instructions, the phraseology employed was to some extent similar, the instructions themselves related to distinct grounds of negligence or contributory negligence and were not duplicitous or repetitious.

A party has the right to have every issue that is properly presented by the pleadings and evidence submitted to the jury in clear, concise and intelligible language, within the comprehension of persons who are ordinarily not educated in law. The instructions in this case met that requirement.

■ The appellant requested an instruction relative to careful and prudent driving, reckless driving, stopping before entering an arterial highway, and right of way at intersections. The court gave the instruction as requested but added thereto the following:

"You are instructed that the intersection at which the accident complained of occurred is an obstructed intersection. You are further instructed that the *laws* of the state of Washington provide that a driver shall not drive in excess of fifteen miles an hour in traversing an obstructed intersection whether said driver is traveling on an arterial highway or not. A violation of any of these provisions is negligence as a matter of law." (Italics ours.)

It is conceded that the intersection was an obstructed one, under the provisions of Rem. Rev. Stat., § 6362-3 [P. C. § 196-3] (b)2, which limits the maxi-

mum speed at such intersections to fifteen miles per hour. It is conceded, also, that courts have interpreted that section of the statute to apply to arterial highways. In any event, such is the law in this state. *Weikert v. Daniels,* 178 Wash. 416, 419, 35 P. (2d) 22.

█ Respondent contends, however, that the court, in using the word "laws," above italicized, thereby gave the jury to understand that the law was *statutory,* whereas it is only judicial. It is immaterial whether it be the one or the other. In either event, it is the law. A statute, when interpreted by the court, speaks according to the judicial interpretation given it.

█ Another instruction given by the court related to the ability of the appellant, upon the particular occasion, to have stopped in time to avoid the accident if he had been driving at a lawful rate of speed. It is contended by appellant that the instruction assumed an ability to stop, concerning which the jury could only conjecture, and that it directed the jury to go outside the issues and ignore the evidence.

The particular issue had been raised in respondent's answer. There was specific evidence on that issue, and the jury was told, in the first sentence of the instruction, that, if it found the fact *from the evidence,* its verdict should be for the respondent. The instruction was proper under the issues and the evidence.

Finally, appellant contends that respondent's evidence is unworthy of credit and contrary to the physical facts. No doubt counsel made that argument to the jury, whose province it was to consider it. The jury, however, apparently believed the respondent, as its verdict indicates, and the trial judge, who saw the witnesses, refused to grant a new trial upon any of the statutory grounds assigned. The testimony of the respondent, as disclosed by the record, does not

210

bear the stamp of untruth, and the physical facts shown are as consistent with respondent's contentions as they are with those of appellant.

The judgment is affirmed.

MILLARD, C. J., GERAGHTY, TOLMAN, and MITCHELL, JJ., concur.