[No. 29251. Department One. May 25, 1944.]

THE STATE OF WASHINGTON, *Respondent*, v. JACK SCOTT, *Appellant.*[1]

[1]Reported in 149 P. (2d) 152.

*A. E. Dailey,* for appellant.

*Leslie R. Cooper, C. P. Brownlee,* and *Thomas G. McCrea,* for respondent.

GRADY, J.—The appellant, Jack Scott, was tried before a jury upon the charge that he carnally knew a female child of the age of fourteen years, she not then being his wife. A verdict of guilty was returned, and, from the judgment entered, this appeal has been taken.

In view of the questions raised by the appellant in his brief, it will not be necessary to set forth in this opinion a summary of the evidence relating to this unfortunate affair, and we shall refer to it only in so far as need be in order to discuss the questions presented.

By his assignments of error, the appellant complains that the trial court (1) allowed leading questions to be asked of the complaining witness, (2) allowed the testimony of the witness Emily Bergin to be considered by the jury, and (3) allowed the jury to consider the testimony of the witness Martha Swartz. We shall discuss and decide the questions raised in the foregoing order.

■■ *First.* The questions claimed by the appellant to have been of a leading character, and to which timely objections were made, were what is known as the alternative forms of questions, and they and their answers were as follows:

"Q. I will ask you whether or not he said why he had done what he did? . . . A. He said that why he done that was because he thought that was the only way of getting me; that he loved me and he wanted to marry me and that he thought that was the only way to get me. He said he thought 'If I were to go in and touch you then you would marry me,' he said, 'I thought I wouldn't have no one as old as me.' Q. I will ask you whether or not he said on the same occasion, he said anything relative to his being the first to touch you? . . . A. Yes. Q. I will ask you whether or not he ever asked you to get examined by a doctor? . . . A. Yes, he did. I mean yes, I mentioned wanting to get examined by a doctor."

We have not had called to our attention any case in this court, nor have we been able to find any, in which it has been decided whether this form of question is regarded as leading. The principal test of a leading question is: Does it suggest the answer desired? In order to elicit the

facts, a trial lawyer may find it necessary to direct the attention of a witness to the specific matter concerning which his testimony is desired, and, if the question does not suggest the answer, it is not leading. Even though the question may call for a yes or a no answer, it is not leading for that reason, unless it is so worded that, by permitting the witness to answer yes or no, he would be testifying in the language of the interrogator rather than in his own. We approve of what is said with reference to the alternative form not being a leading question in III Wigmore on Evidence (3rd ed.), p. 129, § 772 (2):

"The *alternative form* of question ('State whether or not you said that you refused', 'Did you or did you not refuse?') is free from this defect of form, because both affirmative and negative answers are presented for the witness' choice. Nevertheless, such a question may become leading, in so far as it rehearses lengthy details which the witness might not otherwise have mentioned, and thus supplies him with full suggestions which he incorporates without any effort by the simple answer, 'I did,' or 'I did not.' Accordingly the sound view is that such a question may or may not be improper, according to the amount of palpably suggestive detail which it embodies."

The questions propounded, as above set forth, were not leading. The rulings made by the trial court upon the objections made are further supported by the fact that the answer to the first question is as fully explanatory as would have been the case had any other form of question been used, and shows a total lack of suggestion by its form. The record shows that, after an affirmative answer was given to the second question, the witness was asked what was said, and her answer was ordered stricken by the court, and the inquiry was not pursued further. The third question did not suggest any particular answer, as that given by the witness clearly so indicates.

In addition, the rule has been announced many times by this court that the trial court has a wide discretion in determining what is a proper form of question and as to permitting the asking of a question that is leading.

The trial court in this case properly allowed the above-quoted questions to be asked.

■ *Second.* The appellant contends that the testimony of witness Emily Bergin should have been stricken by the court because it was conjectural on her part and arose out of suspicion rather than being based upon any testimonial knowledge she possessed.

The substance of the testimony of this witness, as developed by both her direct and cross-examination, was that the family, of which the prosecuting witness was a member, had an apartment in the house operated by her; that she had seen the appellant go to this apartment, particularly a short time before the taking place of the conversation about which she testified; that she had heard appellant talk and was able to recognize his voice; that, on the occasion in question, she was passing by the apartment when she overheard a conversation between the prosecuting witness and the appellant, and this she related to the jury.

We are of the opinion that it was made to appear from the testimony of the witness that she had sufficient testimonial knowledge as to the identity of the parties to the conversation to justify the court in refusing to order that her testimony be stricken and in permitting the jury to consider it. The testimony of the witness was direct and with reference to a conversation she had overheard, and what the jurors had to decide was whether she did overhear the conversation and whether she had sufficient knowledge of the sound of the voices of the parties as to enable her in this way to identify them. In these respects, we think questions for the jury were presented.

■ *Third.* This assignment of error is without merit. Counsel for the state sought to lay a foundation whereby he might ask witness Martha Swartz to relate a conversation she overheard between the prosecuting witness and the appellant. But, in the opinion of the court, it was not sufficient, and the witness was not permitted to relate the conversation when counsel asked her to do so.

The court instructed the jury not to consider as evidence any question or answer thereto to which the court had sustained an objection, and we must assume that the jury followed the instruction and did not attach any importance to any of the preliminary testimony given by the witness. This must necessarily be so because otherwise an unsuccessful attempt to lay a foundation for testimony by questions preliminary in character would be ground in all cases for urging error on appeal on account of the possibility that the jury might draw some unfavorable inference from the testimony thus far given.

■ In addition to the specific assignments of error set forth in his brief, the appellant urges that certain letters were erroneously admitted in evidence; but the prosecuting witness identified all of them as having been written by the appellant to her and letters which she received through the mails. They contained matters material to the issue involved, and were properly received in evidence.

■ Error is also claimed in the admission in evidence of a hotel registration card purporting to show that appellant "and wife" registered at a certain hotel on a date within the time involved in this case. The basis of the objection of appellant is that it was made to appear that, although the witness who identified the card had operated the hotel on the date the card bears, she did not operate it for several months prior to the time of giving her testimony, and there was no proof offered as to its identity by anyone who had had possession of the card during the intervening time. The record, however, does not support this claim. The witness testified that the registration cards were kept by her while she was operating the hotel in their usual place in the office of the hotel; that they were also kept in the storeroom directly behind the office, were filed in a box, and that this was where she found the card when she went to look for it. The card was sufficiently identified to warrant its admission in evidence. The evidence was material in that it corroborated the testimony of the prosecuting witness that she had occupied a room

with the appellant at this hotel on or about the date noted on the card.

■■ Three of the instructions given by the court to the jury are claimed to be erroneous, but we will not review them for the reason that they are not set out in appellant's brief, as required by Rule 16 (5) of this court as amended, 15 Wn. (2d) xvii. *State v. Elwood,* 193 Wash. 514, 76 P. (2d) 986; *State v. Jensen,* 194 Wash. 515, 78 P. (2d) 600; *State v. Kennedy,* 19 Wn. (2d) 152, 142 P. (2d) 247. And no sufficient exceptions were taken to them in the trial court, as provided by Rule X of the Rules of Pleading, Procedure, and Practice prescribed by this court, 193 Wash. 47-a. *State v. Eckert,* 173 Wash. 93, 21 P. (2d) 1035; *Parton v. Barr,* 174 Wash. 314, 24 P. (2d) 1070.

The exceptions taken were as follows:

"The Defendant excepts to Instruction No. 5 as given by the Court for the reason that it does not accurately portray the law applicable to this case.

"The Defendant excepts to Instruction No. 6 for the reason that it does not fully explain to the Jury the application of the law therein set forth.

"The Defendant excepts to Instruction No. 8 as given by the Court for the reason that it is incomplete and does not fully set forth the law applicable to this case."

These exceptions were too general to comply with Rule X, which provides that they "shall be sufficiently specific to apprise the judge of the points of law or questions of fact in dispute."

It may seem that these rules are harsh when applied to a case as serious in its consequences as the one now before us. But they have been in effect for a long time and are known, or should be known, to all who seek reviews of judgments of the trial courts. Their purpose, as we have said many times, is in aid of the orderly administration of justice, and, if they are to serve the purpose intended, they must be enforced.

The judgment is affirmed.

SIMPSON, C. J., BEALS, STEINERT, and JEFFERS, JJ., concur.