■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOHNNY B. STEWART, Appellant.— In a *coram nobis* proceeding, the defendant appeals from an order of the County Court, Suffolk County, dated January 3, 1962, which denied, without a hearing, his application to vacate a judgment of said court, rendered October 7, 1958 after a jury trial, convicting him of robbery in the first degree, assault in the first degree and petit larceny, and sentencing him to serve a term of 10 to 20 years. Order affirmed. Defendant's claim, even if true, that he was induced to waive extradition by the representation of an Assistant District Attorney that he would receive a maximum sentence of five years, is not a ground for vacating the judgment of conviction (cf. *Frisbie* v. *Collins*, 342 U. S. 519, 522). An alleged similar representation, made by the District Attorney to defendant's mother, after defendant was in custody in Suffolk County, likewise affords no ground for relief, as there was no reliance by defendant on that representation (cf. *People* v. *White*, 309 N. Y. 636, 639). Defendant also contends that he was not represented at the trial by counsel of his own choosing. This contention is based on allegations: (1) that the attorney who did represent the defendant at the trial had not been retained for that purpose; and (2) that such attorney insisted upon the defendant's standing trial despite defendant's protest that he wished to plead guilty. We find nothing in the record, however, which indicates that at any time during the trial the defendant objected to his representation by such counsel; nor is there any claim that the trial court forced him to proceed with such counsel or that he was not adequately represented. Under the circumstances, we are of the opinion that defendant has not shown such a deprivation of fundamental rights as would warrant relief by way of *coram nobis* (cf. *People* v. *Sullivan*, 3 N Y 2d 196). Since defendant would not be entitled to relief even if the allegations in his petition were to be established, the application was properly denied without a hearing (*People* v. *Tomaselli*, 7 N Y 2d 350, 356; *People* v. *Brown*, 7 N Y 2d 359, 361). Kleinfeld, Acting P. J., Brennan, Hill, Rabin and Hopkins, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. WILLIAM WILKES, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Kings County, at an appointed Additional Term, rendered February 6, 1961 after a jury trial, convicting him of robbery in the first degree, grand larceny in the second degree and assault in the second degree, and sentencing him as a second felony offender to serve a term of 15 to 20 years. Judgment affirmed. The evidence warranted the implicit finding of the jury that the employee, who was in charge of the establishment where the crimes were perpetrated, was in the ladies' room thereof when the money was taken from the cash register and a closet, but that at the point of a gun the defendant had ordered her to go into such room. Therefore she and the defendant were not in the view of each other at the time the money was taken. This fact, however, does not mean that the money was not taken, as set forth in section 2120 of the Penal Law, "in the presence of" such employee (see 77 C. J. S., Robbery, § 9, p. 455, and cases there cited). Beldock, P. J., Ughetta, Christ, Hill and Rabin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ARTHUR WILSON, Appellant.— Appeal by defendant from a judgment of the County Court, Queens County, rendered November 3, 1961 on his plea of guilty, convicting him of malicious mischief as a misdemeanor, and sentencing him to "the Penitentiary of the City of New York, there to be dealt with according to law." Judgment affirmed. No opinion. Beldock, P. J., Ughetta, Christ, Hill and Rabin, JJ., concur.