[No. 38674.  Department Two.  January 19, 1967.]

THE STATE OF WASHINGTON, *Respondent,* v. PETER GEORGE MCDONALD, *Appellant.*\*

\*Reported in 422 P.2d 838.

*James A. Alfieri,* for appellant.

*Charles O. Carroll* and *John S. Ludwigson,* for respondent.

PER CURIAM.—Appellant was charged with the crime of robbery. The trial of the appellant and a codefendant was set for September 20, 1965. The appellant did not appear at the time set for trial. The case was continued to September 22, 1965, at which time the codefendant was tried and a bench warrant was issued for the appellant.

On October 22, 1965, the appellant voluntarily surrendered himself at the King County Sheriff's office. On October 28, 1965, the bail bond forfeiture was set aside, the bench warrant quashed and the case was reset for trial.

Through six witnesses the state presented testimony that the appellant and his codefendant allegedly entered the Seattle Tradewell Store No. 16, on September 26, 1964, shortly after 9 p.m.; that they forced one of the employees to open the safe, placed all the employees in a walk-in cooler and then departed with approximately $3,200 in cash and checks.

The state then presented the testimony of a bail bondsman who testified that he had unsuccessfully attempted to locate the appellant after the bench warrant was issued. Two King County deputy sheriffs testified that the appellant had voluntarily surrendered himself at the sheriff's office on October 22, 1965. One officer further testifed that the appellant's attorney had advised him that the appellant had gone to Portland to straighten out other matters, had become ill and would be back.

At the close of the state's case, the appellant made a challenge to the sufficiency of the evidence and when this motion was denied he did not present further testimony.

The jury found the appellant guilty and he has appealed from a sentence of a maximum term of 20 years.

The appellant contends that the trial court erred when it gave its instruction No. 12[1] to the jury, inasmuch as it was a comment on the evidence in violation of art. 4, § 16 of the Washington State Constitution,[2] thereby depriving the defendant of a fair trial by jurors with impartial and open minds.

Respondent answers that instruction No. 12, *supra,* is the same instruction approved in *Bird v. United States,* 187 U.S. 118, 47 L. Ed. 100, 23 Sup. Ct. 42 (1902). This is true, but the *Bird* case was tried in a United States District Court not having the limitation of art. 4, § 16 of the Washington State Constitution, *supra.* It has long been the rule that federal judges are permitted to comment on the evidence in both civil and criminal cases. *Simmons v. United States,* 142 U.S. 148, 35 L. Ed. 968, 12 Sup. Ct. 171 (1891).

The specific objection to the instruction in question concerns the following portion: "Evidence has been offered of the escape of the defendant, or attempted escape, after arrest on the charge on which the defendant is now being tried. . . ." In our opinion, the evidence as to flight was conflicting. The instruction, however, assumes as true the escape, or attempted escape, of the appellant. Therefore, the instruction was a comment on the evidence, forbidden by our state constitution. *State v. Belknap,* 44 Wash. 605, 87 Pac. 934, (1906); *State v. Roberts,* 144 Wash. 381, 258 Pac. 32 (1927); 36 Wash. L. Rev., Instructing a Jury in Washington, Comment on the Evidence, p. 400 (1961). Morevoer, the multiple references to "escape" were

---

[1]"Evidence has been offered of the escape of the defendant, or attempted escape, after arrest on the charge on which the defendant is now being tried. This evidence is admitted on the theory that the defendant is in fear of the consequences of his crime and is attempting to escape therefrom; in other words, that guilt may be inferred from the fact of escape from custody. I instruct you that the inference that may be drawn from an escape is strong or slight according to the facts surrounding the party at the time."

[2]"CHARGING JURIES. Judges shall not charge juries with respect to matters of fact, nor comment thereon, but shall declare the law." Const. art. 4, § 16.

ill-chosen; appellant had not broken out of jail but simply failed to appear at trial.

Appellant further assigns error to the submission to the jury of photographs bearing marking from another criminal case, as prejudicial to appellant. Inasmuch as this question will not arise on a retrial, we will not consider it on this appeal.

The judgment is reversed and a new trial ordered.