[No. 39577. Department One. July 11, 1968.]

THE STATE OF WASHINGTON, *Respondent*, v. PETER GEORGE McDONALD, *Appellant*.*

*James A. Alfieri* and *Richard G. Martinez*, for appellant.

*Charles O. Carroll* and *Robert S. Bryan*, for respondent.

DONWORTH, J.†—This is an appeal from a judgment and sentence of conviction based upon a jury verdict of guilty of armed robbery.

September 26, 1964, two men entered a Seattle supermarket at around 9 p.m., shortly after the store was closed.

*Reported in 443 P.2d 651.

†Judge Donworth is serving as a judge pro tempore of the Supreme Court pursuant to Art. 4, § 2(a) (amendment 38), state constitution.

Entrance was accomplished by pulling open the electronic "out" door, the "in" door having been previously locked. While one employee was forced to open the safe by an armed man who was allegedly the appellant's co-defendant and who was referred to by the state's witnesses as "the taller of the two men," two other employees were forced into the store's walk-in produce cooler by a man later identified as appellant. When the employee who was forced to open the safe had completed that task, he too was taken to the walk-in cooler by the same man who had escorted the first two employees there. This was done pursuant to the order of the "taller man."

Shortly thereafter, Simmonds, the assistant manager who had been working on the books upstairs, came to the area near the safe and encountered the two intruders. He testified that appellant approached him and stuck a pistol in his stomach, causing him to drop a parcel of cash and checks he had been carrying, and that he too was thereupon ordered by appellant to join his fellow employees in the produce cooler.

Approximately 1 minute after Simmonds had been forced to join the others, these four employees broke out of the cooler. They discovered that the safe and the cash registers had been cleaned out, and that the parcel of cash and checks carried by Simmonds was gone.

Thereafter, appellant was identified in a police lineup, a jury trial was had, and on December 17, 1965, judgment and sentence were entered upon a verdict of guilty. January 19, 1967, this court reversed (*State v. McDonald*, 70 Wn.2d 328, 422 P.2d 838 (1967)) and the cause was remanded. March 15, 1967, the cause was retried, the jury again returned a guilty verdict, and again appellant appeals.

In his first assignment of error, appellant contends that the trial court erred in denying his motions to dismiss. Appellant rested at the close of the state's case. Consequently, there are no conflicts in the evidence. A challenge to the sufficiency of the evidence requires that the evidence be interpreted most strongly against the moving party and in the light most favorable to the nonmoving party. *State*

*v. Zorich,* 72 Wn.2d 31, 34, 431 P.2d 584 (1967). The only question raised by this assignment of error is whether the evidence adduced by the state was sufficient to submit the question of guilt to the jury.

To successfully resist the challenge to the sufficiency of the evidence, the state must make out a prima facie case consisting of two elements: first, that the victim was put in fear of violence to his person or property; and second, that something of value was taken from his person or in his presence. See *Cartier Drug Co. v. Maryland Cas. Co.,* 181 Wash. 146, 42 P.2d 37 (1935). Appellant contends that certain aspects of the elements of the crime were established by mere circumstantial evidence and that, therefore, the proof was deficient in several respects.

Confining our analysis to the one incident concerning the assistant manager Simmonds, it is apparent that appellant's contentions are without merit. Excerpts of Simmonds' testimony set out below, clearly establish that the state, at the very least, made out a prima facie case of armed robbery.

Q. Where were you when this confrontation took place? . . . . A. I came downstairs . . . I saw two men up at the safe, one had his head in the safe, and the other one was off about here. This man here immediately came down the aisle and met me about this point . . . and told me to turn around. Q. That was Mr. McDonald; is that correct? A. Yes. Q. And did you watch him as he came towards you down the aisle there? A. Yes, I did. Q. Did he have a weapon, or do you recall? A. Well, he didn't have one that I saw as he came towards me, but he told me to turn around. I felt something in my stomach, and it was a gun. Q. Something in your stomach, and did you look down and see it? A. Yes, I did. . . . Q. Were you in fear at this time? A. Yes. Q. . . . . What did you do . . . with the things you had in your hands about this particular time? A. I dropped them. . . . Q. After Mr. McDonald had pointed a gun in your stomach what did he do then? A. He told me to turn around and go back to the freezer. Q. Did you do that? A. Yes. . . . Q. . . . . Approximately how long were you in the cooler, do you recall? A. Oh, approximately a minute. . . . Q. And after you left the cooler what did you do? A. I went to the telephone about

ten feet away or so and called the Police Department. . . . After I got through with the Police Department I went out to check and see if the store mail and deposits were where I dropped them, and they weren't. I went up front to the safe, and there were several cash tills on the floor and several turned upside down in the safe, and all the green money was missing out of all of them. Q. There was no one else in the store except you employees and these two at that time; is that correct? A. Yes.

Simmonds further testified that that value of the cash and checks referred to was approximately $3200. Clearly this testimony establishes that the element of force or fear was established.

As to the second element, that no one actually saw appellant or his co-defendant pick up the parcel dropped by Simmonds does not, under the facts of this case, militate against the state's prima facie proof of "taking of personal property from the person of another, or in his presence" (RCW 9.75.010), for, lest we forget, the challenge to the sufficiency of the evidence requires that the evidence and the inferences to be drawn therefrom are to be interpreted in the light most favorable to the nonmoving party. *See generally* P. Trautman, *Motions Testing The Sufficiency Of Evidence*, 42 Wash. L. Rev. 787 (1967). Furthermore, the authorities are in accord that it can be a taking from a person or in his presence even though the victim was not immediately present where the victim, by force or fear, had been removed from or prevented from approaching the place from which the asportation of the personalty occurred. See *People v. Wilkes*, 16 App. Div. 2d 962, 229 N.Y.S.2d 793 (1962); *People v. Lavender*, 137 Cal. App. 582, 31 P.2d 439 (1934); *Braley v. State*, 54 Okla. Crim. 219, 18 P.2d 281 (1932); *State v. Kennedy*, 154 Mo. 268, 55 S.W. 293 (1900); *Clements v. State*, 84 Ga. 660, 11 S.E. 505 (1890); *State v. Calhoun*, 72 Iowa 432, 34 N.W. 194 (1887); Clark & Marshall, Crimes, § 12.12 (Wingersky rev. 6th ed. 1958); 2 Wharton's Criminal Law and Procedure, § 553 (Anderson ed. 1957); 2 W. Burdick, Law of Crime, § 598 (1946). Indeed this principle is explicit in the robbery statute where it is stated that "[s]uch taking constitutes robbery whenever it appears

that, although the taking was fully completed without the knowledge of the person from whom taken, such knowledge was prevented by the use of force or fear." RCW 9.75.010. The issue of guilt was properly submitted to the jury.

 Appellant's remaining assignment of error challenges the trial court's instruction No. 7 which recites that

Under the laws of the State of Washington, every person who stands by aiding or assisting another in the perpetration of a crime is guilty of the commission of the crime.

In his brief appellant contends that this instruction (a) is a comment on the evidence, (b) is unsupported by the evidence, (c) is confusing to the jury, and (d) is an unconstitutional comment on the evidence. However, in taking his exception to this instruction, appellant failed to comply with the requirement that the grounds of his objection be specified. See Rule of Pleading, Practice and Procedure 51.16W, RCW vol. 0, now Civil Rule for Superior Court 51(f). The purpose of this rule is clear. The trial court must be apprised of the reasons for a claimed error so that any mistakes can be corrected in time to prevent the necessity of a second trial. *Agranoff v. Morton,* 54 Wn.2d 341, 340 P.2d 811 (1959); *State v. Scott,* 20 Wn.2d 696, 149 P.2d 152 (1944). Thus the burden is placed upon counsel to use his best efforts to keep trial free from error. *Barnes v. Labor Hall Ass'n,* 51 Wn.2d 421, 319 P.2d 554 (1958); *State v. Wilson,* 38 Wn.2d 593, 620, 231 P.2d 288 (1951). *See generally* 4 Orland, Wash. Prac., at 329 (1960); 2 Orland, Wash. Prac. § 263 (2d ed. 1965). On the state of the record in this case, we cannot consider this assignment of error.

Judgment affirmed.

FINLEY, C. J., WEAVER, HALE, and McGOVERN, JJ., concur.

October 1, 1968. Petition for rehearing denied.