PEOPLE v. MOORE.

1. CRIMINAL LAW—TRIAL—EVIDENCE—CREDIBILITY OF WITNESSES.
   Credibility of witnesses and issue of defendant's guilt beyond a
   reasonable doubt are questions for the trier of fact to determine
   in a criminal case.

2. SAME — ROBBERY ARMED — ELEMENTS OF OFFENSE — TAKING IN
   PRESENCE OF VICTIM.
   A taking may be considered to have been in the victim's presence,
   in a prosecution for robbery armed, where the victim was
   forced by his assailant to leave the place where the property
   was kept, or where the victim was imprisoned by the assailant
   to keep him from protecting his nearby property (CLS 1961,
   § 750.529).

3. SAME—ROBBERY ARMED—ELEMENTS OF OFFENSE—TAKING IN
   PRESENCE OF VICTIM.
   Trial court finding that property was taken in presence of victim
   held, proper where the evidence showed that the store owner
   victim was shot by the robber in his store and fled to a
   neighboring house, and while he was there, the assailant took
   money from the store and fled (CLS 1961, § 750.529).

4. SAME—ROBBERY ARMED—ELEMENTS OF OFFENSE.
   The taking "from the person or in the presence of the victim"
   required for conviction of armed robbery is established upon
   proof that the property taken was so in possession of or under
   the control of the victim that violence or putting in fear of
   violence was needed to sever such possession (CLS 1961, § 750-
   .529).

Appeal from Recorder's Court of Detroit, Gillis
(Joseph A.), J. Submitted Division 1 April 8, 1968,

REFERENCES FOR POINTS IN HEADNOTES
[1] 58 Am Jur, Witnesses § 862.
[2-4] 46 Am Jur, Robbery § 7.

at Detroit. (Docket No. 4,266.) Decided September 24, 1968. Leave to appeal denied by Supreme Court January 14, 1969. 381 Mich 796.

Clarence Moore was convicted of robbery armed and of assault with intent to commit murder. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, and *Luvenia D. Dockett,* Assistant Prosecuting Attorney, for the people.

*Kenneth A. Webb,* for defendant.

LEVIN, J. Defendant appeals his conviction by a judge, sitting without a jury, of armed robbery[1] and of assault with intent to commit murder.[2]

The defendant testified that the complaining witness, a neighborhood store owner, attempted to substitute inferior quality merchandise for merchandise which defendant had agreed to purchase, that there was a dispute which degenerated into a hot argument with the store owner provoking the defendant by using abusive language and then reaching for a knife, following which the defendant pulled a gun and shot the store owner in self-defense.

The store owner claimed that the defendant shot him in the back without warning while he was preparing the merchandise for delivery to the defendant; that so wounded he ran out of the store, with the defendant in pursuit, to seek aid from a neighbor; that he observed the defendant reenter the store immediately thereafter and a short time later

---

[1] CLS 1961, § 750.529 (Stat Ann 1968 Cum Supp § 28.797).
[2] CL 1948, § 750.83 (Stat Ann 1962 Rev § 28.278).

saw the defendant emerge with money in his hand and run down a nearby alley pocketing the money. He also testified that he checked the store a few minutes later and approximately $100, which had been on hand before the defendant entered the store, was missing from the cash register and money box.

It was for the trial judge as the trier of fact to determine the presented issue of credibility and whether he was convinced of the defendant's guilt beyond a reasonable doubt. We have carefully examined the record and have concluded that the trial judge could properly convict the defendant of both counts charged on the evidence presented.

The defendant asserts that an element of armed robbery was not established because the people's evidence showed that the money was not taken "from his [the victim's] person or in his presence."[3] The contention is without merit. Takings have been held to have been in the victim's presence in cases where the victim was forced by the assailant to leave the place where the money was kept[4] and where the victim was locked up by the assailant to prevent him from protecting his nearby property.[5]

---

[3] "Any person who shall assault another, and shall feloniously rob, steal and take from his person, or in his presence, any money or other property, which may be the subject of larceny, such robber being armed with a dangerous weapon, or any article used or fashioned in a manner to lead the person so assaulted to reasonably believe it to be a dangerous weapon, shall be guilty of a felony, punishable by imprisonment in the state prison for life or for any term of years." CLS 1961, § 750.529 (Stat Ann 1968 Cum Supp § 28.797).

[4] *People* v. *Wilkes* (1962), 16 AD2d 962 (229 NYS2d 793) (an employee was ordered at gun point to a ladies' room in the establishment; defendant and the employee were not in view of each other when defendant took money from the cash register); *State* v. *Kennedy* (1900), 154 Mo 268 (55 SW 293, 298) (train robbers ordered a messenger off a railroad car at gun point, then moved the car containing a safe ¼ mile down the track, blew open the safe and removed money).

[5] *Fields* v. *State* (Okla Crim App, 1961), 364 P2d 723 (defendant entered a store, required the victim to enter a refrigeration vault and forced the victim to disclose that a money sack was in an automobile parked outside the store; the money sack was then removed from the automobile while the victim was locked in the vault); *Clements* v.

The trial judge could properly conclude from the people's evidence in this case that the store owner was forced by gunshots to leave his store and that shortly thereafter the defendant took money that was in the store when the store owner was forced to leave it. Such a taking would have been in the store owner's "presence" as that concept was understood at common law and incorporated into our robbery statute. The "from his person or in his presence" element is established upon proof that the property taken was so in the possession or under the control of the victim that violence or putting in fear of violence was needed to sever such possession or control.[6]

Affirmed.

Holbrook, P. J., and Pratt, J., concurred.

*State* (1890), 84 Ga 660 (11 SE 505) (the victim was in his smokehouse; defendants came up and said that if the victim put his head out they would shoot it off. The victim did not know why he was being detained, but, while he was thus detained, one of the defendants entered the victim's home some 15 feet from the smokehouse and took valuables).

[6] 46 Am Jur, Robbery, § 7, p 142; 77 CJS, Robbery, § 9, pp 454, 455; 2 Wharton's Criminal Law and Procedure, § 553, pp 253–256; *State* v. *Cottone* (1958), 52 NJ Super 316 (145 A2d 509, 513); *Braley* v. *State* (1932), 54 Okla Crim 219 (18 P2d 281). See, also, 4 Gillespie, Michigan Criminal Law and Procedure, § 2225, p 2444. Compare *People* v. *Covelesky* (1921), 217 Mich 90, 96, *et seq.*, stating that money is taken from the victim's "person" when taken from a place of safekeeping in the same room in the house where the victim was assaulted, the statute (CL 1915, § 15206, then speaking only of a taking "from his [the victim's] person." The words "or in his presence" were added when the penal law was recodified in 1931 with the adoption of the Michigan Penal Code, PA 1931, No 328, § 529.