[No. 1-39425-1.    Division One.    December 15, 1969.]
Panel 1

MART BINGISSER *et al., Appellants,* v. LEO J. ENGLISH *et al., Respondents.*

*W. Delmore McDowell,* for appellant.

*Bruce Maines* and *Kenneth L. LeMaster,* for respondents.

SWANSON, J.—People often see what they want to see

and not what there is to see. So it was with the parties to this lawsuit. Before entering the west side of Airport Way in Seattle with his employer's truck, appellant Bingisser stopped at the curbline of a driveway and looked up and down the street. Seeing no hindrance to his entrance, he turned left into the center 2-way turn lane to go north. Although appellant's vision from the truck was good, he did not seen respondent's car directly across the street. Respondent English, emerging from a driveway and over a curb, made a self-styled "U" turn into the center lane of Airport Way to go south. Thus, while appellant was entering Airport Way from the west driving north, respondent was doing likewise from the east driving south. The inevitable result was a collision.

Appellant claimed that English failed to yield the right-of-way and violated several traffic ordinances by failing to stop before entering the street, failing to signal his entrance into the street, and making a "U" turn at a place other than at a street intersection or street end. Each party claimed the other failed to keep a proper lookout. And this, said English, made appellant contributorily negligent, since he did not see what there was to see, respondent's car.

The jury trial resulted in a verdict for English, and now Bingisser claims the court erred in denying his motion to strike and dismiss the defense of contributory negligence. This assignment is without merit, as, likewise, is the claim that the court erred in denying a motion for judgment n.o.v. The record shows that both parties were making left turns, from opposite sides of Airport Way, into the center 2-way turn lane. Neither saw the other until it was too late to avoid the accident. Appellant had the duty of seeing whatever would have been seen by a person exercising reasonable care. Since appellant's visibility was admittedly clear, a jury must decide if respondent's car would have been seen by a reasonably careful man. *Nelson v. Blake*, 72 Wn.2d 652, 434 P.2d 595 (1967). The issue of contributory negligence was properly submitted to the jury.

Appellant assigns error to the court's refusal to give parts of his requested instruction No. 2[1] based on the Seattle Municipal Code. He argues that the respondent violated provisions of ordinances recited therein and that such violations proximately caused the accident.

■ ■ Other instructions given adequately cover the subject. Instructions must be taken as a whole. *Getzendaner v. United Pac. Ins. Co.*, 52 Wn.2d 61, 322 P.2d 1089 (1958); *Tilly v. Department of Labor & Indus.*, 52 Wn.2d 148, 324 P.2d 432 (1958). Further, the record shows that while appellant excepted to the failure of the court to give instruction No. 2, no argument was made to the trial court why it should be given. This court cannot consider arguments on the failure to give an instruction which were not presented to the trial court. CR 51(f); *State v. McDonald*, 74 Wn.2d 141, 443 P.2d 651 (1968); *Owens v. Anderson*, 58 Wn.2d 448, 364 P.2d 14 (1961); *Barnes v. Labor Hall Ass'n, Inc.*, 51 Wn.2d 421, 319 P.2d 554 (1957).

The court also refused to give appellant's additional instruction No. 1:

> You are instructed that it is lawful to make a left turn across Airport Way in the City of Seattle on the street between Holgate and Walker Streets.

[1]"No one shall start a vehicle which is stopped, standing or parked unless and until such movement can be made with reasonable safety. Provided, no person will start a vehicle which is stopped, standing, or parked at the curb or on the shoulder of a public highway without first giving an appropriate signal showing his intention to drive the vehicle onto the traveled portion of the public highway . . . [See Seattle Municipal Code § 21.22.200, RCW 46.60.200 Rep. by 1965 ex.s. c 155 § 91. Later enactment, see RCW 46.61.300.]

. . .

"It shall be unlawful for the operator of a vehicle to emerge from any alley, driveway, building exit, private way or private property or from off the roadway of any public highway, onto the roadway of any public highway or across a sidewalk or into the sidewalk area extending across any such alley, driveway, building exit, private way or private property without bringing such vehicle to a full stop and yielding the right-of-way to all pedestrians upon such sidewalk and all vehicles upon such public highway. . . ." [See Seattle Municipal Code § 21.24.040, RCW 46.60.190. Rep. by 1965 ex.s. c 155 § 91. Later enactment, see RCW 46.61.205 and 46.61.365.]

This was excepted to on the ground that appellant wanted to some way convey to the jury the instruction that this action of making a left turn, going across into the other lane or into the double left turn lane was not illegal.

Appellant must prevail on this issue and, thus, also on the error assigned to the denial of a motion for new trial. The court's instruction No. 11 states:

An ordinance of the City of Seattle provides:
It shall be unlawful to drive a vehicle across or to make a "U" turn upon, any street at any place other than at a street intersection or street end, or to make a "U" turn on any street in the Central Business District as herein defined. It shall be unlawful to make a left turn across or upon any street in the Central Business District when so posted by order of the Board of Public Works.

Respondent claims this instruction was plain, correct, and covered the subject, while appellant claims it needed the clarification of his additional instruction No. 1.

■ The import of instruction No. 11 may be perfectly clear to those trained in law. Because the area involved here is not within the central business district, it is lawful to make a left turn across the street. The law does not require members of the jury to be lawyers.

A party has the right to have every issue that is properly presented by the pleadings and evidence submitted to the jury in clear, concise and intelligible language, within the comprehension of persons who are ordinarily not educated in law.

*Cecchi v. Bosa,* 186 Wash. 205, 208, 57 P.2d 1064 (1936). Rather, the court must state the law to the jury in a form which can readily be grasped and applied.

Instructions should be positive and direct as to the law under which the jury are to return their verdict.

*Patterson v. Wenatchee Canning Co.,* 53 Wash. 155, 157, 101 P. 721 (1909); *Mathias v. Eichelberger,* 182 Wash. 185, 45 P.2d 619 (1935).

The court's instruction failed to adequately state the law. The jury was not told that it was proper for appellant to turn into the center 2-way turn lane of Airport Way in the

440

area in question. Since we are unable to say that this instruction was not prejudicial, we are compelled to reverse and grant a new trial.

JAMES, C. J., and FARRIS, J., concur.

