PEOPLE v LAWSON

1. ROBBERY—ELEMENTS—STATUTES.

It is essential under the Michigan statute that property be taken by means of an assault from one having the care, custody, control, management, or possession of the property in order for the offense to constitute robbery (MCLA 750.529).

2. INDICTMENT AND INFORMATION—SUFFICIENCY—TEST.

The test for determining the sufficiency of an indictment or information is: whether it identifies the charge against the defendant so that his conviction or acquittal will bar a subsequent charge for the same offense and whether it notifies him of the nature and character of the crime with which he is charged so as to enable him to prepare his defense and to permit the court to pronounce judgment according to the right of the case.

3. ASSAULT AND BATTERY—WORDS AND PHRASES.

Actions of a defendant sufficient to place others in fear and to prevent them from exercising their free will or resisting a taking of their property are all that is necessary to constitute an assault.

4. ROBBERY—ARMED—ESTABLISHING CRIME.

The crime of armed robbery was established and a defendant properly convicted thereof even though the information stated that the person assaulted was not the person robbed and that the person robbed was not the person assaulted and the information was sufficient and the defendant was not prejudiced thereby, where it clearly notified the defendant that he was being charged with armed robbery, informed the defendant of the identity of the witnesses and apprised him of the date, time

REFERENCES FOR POINTS IN HEADNOTES

[1] 67 Am Jur 2d, Robbery §§ 12, 20 *et seq.*

When person from whom property is taken is deemed to have been in possession thereof, as regards offense of robbery. 123 ALR 1099.

[2, 4] 41 Am Jur 2d, Indictment and Information §§ 306–313.

[3] 67 Am Jur 2d, Robbery §§ 1, 100.

and circumstances of the alleged offense, where the evidence presented at trial clearly showed that the defendant committed an armed robbery, and where the court's instructions to the jury cured whatever problems the information might have engendered.

Appeal from Macomb, Frank E. Jeannette, J. Submitted October 16, 1975, at Lansing. (Docket No. 22131.) Decided November 13, 1975.

Keith Lawson was convicted of robbery armed. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *George N. Parris,* Prosecuting Attorney, *Don L. Milbourn,* Chief Appellate Lawyer, and *William A. Dardy,* Assistant Prosecuting Attorney, for the people.

*Federlein, Grylls & McNelis, P. C.,* for defendant on appeal.

Before: McGregor, P. J., and D. E. Holbrook and N. J. Kaufman, JJ.

McGregor, P. J. Defendant was convicted by a jury of robbery armed, MCLA 750.529; MSA 28.797,[1] and subsequently sentenced to 3 to 15 years in prison. Defendant now appeals his conviction as a matter of right.

The facts are not in dispute. Defendant entered

---

[1] "Any person who shall assault another, and shall feloniously rob, steal and take from his person, or in his presence, any money or other property, which may be the subject of larceny, such robber being armed with a dangerous weapon, or any article used or fashioned in a manner to lead the person so assaulted to reasonably believe it to be a dangerous weapon, shall be guilty of a felony, punishable by imprisonment in the state prison for life or for any term of years. If an aggravated assault or serious injury is inflicted by any person while committing an armed robbery as defined in this section, the sentence shall be not less than 2 years' imprisonment in the state prison."

a party store in Centerline, Michigan, between noon and 12:30 p.m. on March 23, 1974. There were four people in the party store: Mr. David Sparazynski, the owner; his sister-in-law, Barbara Sparazynski; and two customers, Mrs. Germaine Post and Mr. Henry Milewski. Defendant approached Mrs. Post from behind and grabbed her, put a gun to her head, and said to the owner, "Give me your money or she will get it". The owner took some money from the cash register and placed it into a brown paper bag; he then passed the bag to Mr. Milewski, who placed his wallet into the sack. After taking the bag, defendant moved out of the door, all the while holding Mrs. Post. Once outside, he shoved Mrs. Post aside, jumped into an automobile, and fled. Mr. Milewski observed the license number of the automobile and this information was conveyed to the police. Shortly thereafter, the defendant was spotted by a cruising police officer and subsequently arrested. The bag, containing the money stolen from the store and Mr. Milewski's wallet, was found on the front seat of the automobile.

Defendant raises only one issue of merit. He contends that the information filed by the people as well as the evidence presented at trial were both insufficient to establish that the crime of armed robbery had been committed.

The information provided, in part:

"Keith Lawson * * * while armed with a dangerous weapon, to-wit: a revolver, did assault one Germaine Post and rob, steal and unlawfully take from the person of David Sparazynski, and in the presence of the said Germaine Post and David Sparazynski certain property which was the subject of larceny, to-wit: $200.00 more or less, the property of David Sparazynski".

The problem inherent in the information is that it states that the person assaulted was not the person robbed, nor was the person robbed the person assaulted. Defendant claims that without the unity of both the assault and the larceny of property which was in the possession, either actual or constructive, of the one assaulted, there can be no armed robbery of that person.

Plaintiff, on the other hand, claims that the language of the statute, "rob, steal and take * * * in his presence", is broad enough to cover the facts of the present case, since the property was clearly taken in the presence of Mrs. Post.

Under the Michigan statute, it is essential, in order to constitute robbery, that property be taken by means of an assault from one having the care, custody, control, management, or possession of the property. See *People v Moore,* 13 Mich App 320; 164 NW2d 423 (1968), *People v Needham,* 8 Mich App 679; 155 NW2d 267 (1967), *People v Cabassa,* 249 Mich 543; 229 NW 442 (1930), and *People v Covelesky,* 217 Mich 90; 185 NW 770 (1921). In the present case, Mrs. Post did not have any such relationship to the property taken, and therefore, we hold the information to be defective in this regard.

Although the information was defective, it must still be determined whether this defect was fatal. The standard for determining the sufficiency of an information is set forth in *People v Adams,* 389 Mich 222, 243; 205 NW2d 415, 425 (1973), where the Supreme Court quoted a New York case:

"In determining the sufficiency of an indictment the test is: Does it identify the charge against the defendant so that his conviction or acquittal will bar a subsequent charge for the same offense; does it notify him of the nature and character of the crime with which he is

charged so as to enable him to prepare his defense and to permit the court to pronounce judgment according to the right of the case?" (Emphasis deleted.)

Applying this standard to the present facts, we find that the information was sufficient. It clearly notified the defendant that he was being charged with armed robbery. In addition, it informed the defendant of the identity of the witnesses and apprised him of the date, time, and circumstances of the alleged offense. Although the information might well have been more adequately drawn, the defendant was not prejudiced thereby.

The defendant further argues that, even if the information is held to be sufficient, the evidence presented at trial went only to proving what the information alleged and, therefore, the crime of robbery armed was not established. We disagree.

The proofs clearly showed that the defendant committed an armed robbery on both Mr. and Mrs. Sparazynski and also on Mr. Milewski. There can be no doubt that the taking of their property was achieved by the defendant's use of force and intimidation. Although the defendant claims otherwise, the fact that the defendant held the gun only to Mrs. Post's head is of no consequence in determining whether or not the others were assaulted. The actions of the defendant were sufficient to place the others in fear and to prevent them from resisting the taking or exercising their free will. This is all that is necessary to constitute an assault.

Moreover, the trial court's instructions to the jury cured whatever problems the information may have engendered.

The following instruction was submitted by de-

fendant's counsel and given to the jury exactly as written:

"Ladies and Gentlemen of the Jury, I instruct you that if you find, from the evidence beyond a reasonable doubt that the Defendant did, at the time and place, make an assault on the person of Germain [sic] Post and did rob and steal from her money or other items while being armed or did assault the person David or Barbara Sparazynski and did take from their person money or other items while armed, then it would be your duty to find him guilty as charged.

"If, on the other hand, the prosecution has failed to show each and every element of the offense, that is, that he assault [sic] Germain [sic] Post, that he took from her person money or other items while being armed or that he assaulted David or Barbara Sparazynski, and that he took from their person or in their presence money or other valuables then being armed, and the existence of each and every element of the offense, then it would be your duty to acquit him of the charge of armed robbery."

Thus, in order to convict the defendant, the jury would have had to have found, in addition to the allegations contained in the information, that either property was taken from the person of Mrs. Post or that one of the Sparazynskis was assaulted. Since no property was taken from the person of Mrs. Post, it must be assumed that the jury found that the defendant committed an armed robbery on one of the Sparazynskis. This being the case, we hold that the crime of robbery armed was established and that the defendant was properly convicted thereof.

Affirmed.