No. 48,348

STATE OF KANSAS, *Appellee,* v. GREGORY GLYMPH, *Appellant.*

(563 P.2d 422)

Opinion filed April 9, 1977.

*Wallace W. Underhill,* of Sawhill & Underhill, of Haysville, argued the cause and was on the brief for the appellant.

*Stephen M. Joseph,* assistant district attorney, argued the cause, and *Curt T. Schneider,* attorney general, *Vern Miller,* district attorney, and *James E. Puntch, Jr.,* assistant district attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

MILLER, J.: This is a direct appeal by Gregory Glymph from convictions of aggravated robbery (K.S.A. 21-3427) and kidnapping (K.S.A. 21-3420). Consecutive sentences of not less than fifteen years to life were imposed.

The issues raised on appeal are whether the ownership of property taken is an essential element of robbery, and whether the court erred in instructing the jury.

The facts are these: On February 12, 1975, after ten o'clock p.m., the defendant and an accomplice entered a Quik-Trip store in Wichita. The defendant went behind the counter, pointed a revolver at the manager, ordered him outside the store, took him around to the rear, caused him to climb the fence, and confined him in a small shed. Meanwhile, the accomplice, unable to open the cash register, ordered a customer to do so, and then ordered the customer to turn his back and proceed to another part of the store. The manager remained in the shed for a very short time. As soon as he ascertained that the defendant had left, he crawled out

of the shed. He saw someone—apparently the defendant—running between two houses across the street, and he motioned to a police helicopter which was overhead. The manager then reentered the store and discovered the cash register open and $120 missing. The helicopter pursued the defendant until he was taken into custody by officers on the ground. The revolver, wrapped coins, and a shoe belonging to the defendant were recovered along the line of flight. None of the witnesses observed the actual theft—the taking of money from the cash register.

Defendant first contends that his motions for discharge at the close of the state's evidence and at the close of all of the evidence should have been sustained because the state failed in an essential element of proof: that the money taken was the property of Quik-Trip, Inc. The simple answer to this argument is that the ownership of the property taken is not an essential element of robbery. Neither the robbery statute, K.S.A. 21-3426, nor the aggravated robbery statute, K.S.A. 21-3427, makes ownership of the property taken an element of the offense.

As we observed in *State v. Pierce, et al.,* 208 Kan. 19, 26, 490 P. 2d 584:

". . . [T]he violent taking of property from the person of another by force or intimidation . . . constitutes the offense of robbery where the taker has no bona fide claim of title or right to the possession of the particular property. . . ."

This is in accordance with the general rule in other jurisdictions. See 67 Am. Jur. 2d, Robbery, Sec. 14, pp. 38-39; 77 C.J.S., Robbery, Sec. 7, pp. 452-453; and 2 Wharton's Criminal Law and Procedure, First Edition, Sec. 563.

Defendant next contends that the court erred in instructing the jury that it was not necessary that the taking be done *in the immediate view* of the store manager. Defendant contends that in order to constitute robbery, the taking must be from the person of the victim or the taking must occur within his sight or hearing. We do not agree.

The general rule is that "presence," as that word is used in defining robbery, means a possession or control so immediate that violence or intimidation is essential to sunder it. A thing is in the presence of a person with respect to robbery, which is so within his control that he could, if not overcome by violence or

prevented by fear, retain his possession of it. 77 C.J.S. Robbery, Sec. 9, p. 455; 67 Am. Jur. 2d, Robbery, Sec. 12, p. 37.

This rule has been applied widely. Courts have found the following situations to constitute a taking from the presence of the victim, even though the victim did not see or hear the taking, and was not in the immediate vicinity at the time the taking occurred: where the victim was forced at gunpoint into a ladies' room; where the victim was locked in a vault; where the victims were placed in a freezer at a supermarket; where the victim was left tied in one room while the taking occurred in other portions of the building; where the victim ran from the store and was outside during the taking; and where the victim, a gasoline station operator, was forced to drive away in his car and did not observe the taking of money from the cash register. *People v. Wilkes,* 229 N.Y.S. 2d 793, 16 App. Div. 2d 962 (1962); *Fields v. State,* 364 P. 2d 723 (Okla. Crim. App. 1961); *State v. McDonald,* 74 Wash. 2d 141, 443 P.2d 651 (1968); *The State v. Calhoun,* 72 Iowa 432, 34 N.W. 194 (1887); *People v. Moore,* 13 Mich. App. 320, 164 N.W. 2d 423 (1968); and *Welch v. State,* 235 Ga. 243, 219 S.E. 2d 151 (1975).

In the case at hand, the victim was the manager of the store and the only employee present. He was in charge of the business premises; he was responsible for the store and its contents; he was in control of the money in the cash register. When the defendant first accosted the manager behind the counter, there began a continuous series of events which forcibly prevented the manager from protecting the property within his control and which culminated in the robbery. The essence of robbery is that the taking of property from another or from his presence be accomplished *by threat of bodily harm or by force.* The use of a dangerous weapon or the infliction of bodily harm in the course of a robbery makes the offense aggravated robbery. The facts here shown clearly constitute aggravated robbery.

Finally, the defendant contends that the court erred as a matter of law in instructing the jury as to the elements of the offense of kidnapping. The instruction given parallels PIK Crim. 56.24, tailored to the facts at hand, and the elements were stated substantially in the words of the statute, K.S.A. 21-3420. We have examined the instruction and find no error.

The conviction is affirmed.